## In re REYNOLDS.
### No. 5772.

District Court, W. D. Oklahoma.
Nov. 22, 1937.

Donald I. Mitchell, of Wichita, Kan., for movant.

C. Everett Murphy, of Kingfisher, Okl., for bankrupt.

VAUGHT, District Judge.

On the 16th of August, 1934, Holden Alma Reynolds filed his original petition praying an opportunity to effect a composition or extension of time to meet his financial obligations under section 75 of the Bankruptcy Act (47 Stat. 1470, as amended, 48 Stat. 925, 1289, 11 U.S.C.A. § 203 note).

After the filing of the petition in bankruptcy, and on or about the 19th day of November, 1934, the said Holden Alma Reynolds died.

The act of Congress, under which the proceedings were instituted, was declared unconstitutional by the Supreme Court of the United States on May 27, 1935 (Louisville Joint Stock Land Bank v. Radford, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593, 97 A.L.R. 1106), and this cause was dismissed, on July 26, 1935.

On the 23d of December, 1934, the county court of Kingfisher county, Okl., appointed Raymond B. Reynolds as the administrator of the estate of Holden Alma Reynolds. After his qualification as such administrator, under the laws of the state of Oklahoma, and on November 15, 1935, the said administrator filed an application to revive said bankruptcy proceedings in the name of Raymond B. Reynolds, administrator.

Under the original schedules, as filed by Holden Alma Reynolds, liabilities are listed at $7,390.57 and assets at $9,040; the real estate is listed at $8,200. On the 24th of October, 1934, the bankrupt filed an amended petition in which he listed the real estate at $6,800, which would make the assets $7,640 or $250 in excess of the liabilities.

The only proposition for a composition or extension was that the bankrupt would pay $40 per year for the use of the pastures and premises and one-third of the wheat and oats grown upon the property. This was rejected by the creditors.

Two questions are raised in the motion to dismiss. The principal one being that Raymond B. Reynolds is the administrator of the estate of the original bankrupt and, therefore, as such administrator, he could not file a petition in bankruptcy under section 75 of the Bankruptcy Act, for the reason that the title to the real estate, upon the death of the original bankrupt, vested immediately in the heirs.

Section 1615, O.S.1931 (84 Okl.St.Ann. § 212), provides: "The property, both real and personal, of one who dies without disposing of it by will, passes to the heirs of the intestate, subject to the control of the county court, and to the possession of any administrator appointed by that court for the purpose of administration.".

There have been several rather recent cases decided by the Supreme Court of Oklahoma, wherein the above-quoted statute has been under consideration by the court. In the case of Seal v. Banes, 168 Okl. 550, 35 P.2d 704, 705, the Supreme Court of Oklahoma, commenting upon the above statute, said: "Upon a person dying intestate, the heirs of such person become immediately vested with the estate, and the estate is indefeasible, subject to the control of the county court and the possession of and management by the administrator, and it is his duty simply to preserve the estate until distribution to the heirs, unless, and in the manner provided by statute, the necessity should arise for a sale."

In the case of In re Estate of Hibdon, 102 Okl. 145, 228 P. 154, which is to the same effect, the court said:

"Under section 11300, C.L.1921 [84 Okl.St.Ann. § 212], all property, both real and personal, of all persons who die intestate passes to the heirs of such intestate, subject to the control of the county court and subject to administration.

"Under said section the title to the property of an adult dying intestate automatically passes by operation of law to the heirs of such intestate, subject, however, to administration."

The second proposition is that there is no reasonable hope that the debtor can rehabilitate himself within the three-year period.

The Bankruptcy Act, as amended August 28, 1935 (section 75(s) (5), 11 U.S. C.A. § 203(s) (5), makes specific provision for the reinstatement of a case dismissed because the former act was unconstitutional and provides further, 11 U.S.C. A. § 202a: "Section 202 of this title shall include the personal representative of a deceased individual for the purpose of effecting settlement or composition with the creditors of the estate: Provided, however, That such personal representative shall first obtain the consent and authority of the court which has assumed jurisdiction of said estate, to invoke the relief provided by this title."

Section 1193, O.S.1931 (58 Okl.St.Ann. § 251), provides: "The executor or administrator must take into his possession all the estate of the decedent, real and personal, except the homestead and personal property not assets, and collect all debts due to the decedent or to the estate. For the purpose of bringing suits to quiet title or for partition of such estate, the possession of the executors or administrators, is the possession of the heirs or devisees; such possession by the heirs or devisees is subject, however, to the possession of the executor or administrator, for the purpose of administration, as provided in this chapter."

Section 1204, O.S.1931 (58 Okl.St.Ann. § 263), provides for conducting a going business where authorized by order of the county court as follows: "The executor or administrator shall have the power, where authorized by order of the County Court, to take charge of, conduct and continue any going business, enterprise or manufactory of a deceased person, when the same has not been disposed of by will, and where it is not necessary that the same be sold at once for the payment of debts."

■ So far as this case is concerned, it may be treated as a new action because the bankruptcy proceeding, originally filed, was held invalid and the case was dismissed, after the constitutionality of said act had been determined by the Supreme Court of the United States (Louisville Joint Stock Land Bank v. Radford, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593, 97 A.L. R. 1106) and after the death of the bankrupt. The present bankrupt was appointed administrator of the estate of the original bankrupt soon after the death of the bankrupt but no revivor was sought by him until after the act had been held unconstitutional and after the enactment of the amendment in August, 1935.

In December, 1935, the bankrupt sought to revive this action as the administrator of the original bankrupt. It does not appear, however, in the record that he complied with the Bankruptcy Act by obtaining "the consent and authority of the court which has assumed jurisdiction of said estate, to invoke the relief provided by this title." 11 U.S.C.A. § 202a. In other words, it would be necessary for this bankrupt to secure an order of the county court, authorizing and empowering him to revive this cause. No such authority having been granted by the county court of Kingfisher county, the administrator was without power and authority to petition this court for a revivor of the action.

Assuming that the county court had given him the authority, he now seeks to continue the farming operations under the nature of a going business. But section 1204, O.S.1931 (58 Okl.St.Ann. § 263), supra, provides that may be done "where it is not necessary that the same be sold at once for the payment of debts."

An examination of the condition of this estate discloses that the liabilities are practically equal to the assets and, perhaps as to the actual value, far in excess of the assets.

The amended act, in section 202(g), of 11 U.S.C.A. paragraph (g) of section 74, provides: "The court shall confirm the proposal if satisfied that (1) it includes an equitable and feasible method of liquidation for secured creditors whose claims are affected and of financial rehabilitation for the debtor; (2) it is for the best interests of all creditors."

The Supreme Court of the United States, in Wright v. Vinton Branch, etc., 300 U.S. 440, 57 S.Ct. 556, 561, 81 L.Ed. 736, in referring to the stay period of three years, said: "Paragraph 3 authorizes the court to have the property sold if 'at any time' the debtor should fail to comply with orders of the court issued under its power to require interim payments on principal, or otherwise in the course of its 'supervision and control' of his possession. Paragraph 3 also provides that 'if * * * the debtor at any time * * * is unable to refinance himself within three years,' the court may close the proceedings by selling the property. This clause must be interpreted as meaning that the court may terminate the stay if after a reasonable time it becomes evident that there is no reasonable hope that the debtor can rehabilitate himself within the three-year period."

The question of whether or not an administrator can maintain an action in bankruptcy under section 75 of the Bankruptcy Act has not been passed upon by the higher courts, but in an opinion involving the same substantial provisions of the statutes of Illinois as are contained in the Oklahoma Statutes, with reference to the powers of executors and administrators, the District Court for the Eastern District of Illinois, in the case of In re Buxton's Estate, 14 F.Supp. 616, has held (quoting from the sixth syllabus): "Deceased farmer's administrator, appointed under Illinois law, could not be adjudicated a bankrupt under statute, notwithstanding statute includes personal representative of deceased farmer within designation of 'farmer,' in view of limited authority of administrator over decedent's real estate under Illinois law and his consequent inability to subject decedent's real estate to provisions of statute (Bankr.Act § 75(r, s), as amended, 11 U.S.C.A. § 203(r, s)."

The Illinois statute is so similar to the Oklahoma statute that the court cannot conceive of a different conclusion under the circumstances of this case, than that reached by Judge Wham in the Illinois case. It is the judgment of the court that the administrator cannot maintain this action.

But aside from this, a far more important proposition presents itself. This estate is hopelessly insolvent. The only relief offered to the secured creditors, by way of composition or extension, is rent of $40 per year for the grassland and one-third of the crops. There is nothing in the record to indicate that this would pay the taxes and even a portion of the interest due on the mortgage, which it is admitted is in excess of $800. The contention of bankrupt that this property is in the line of oil development, and if they "strike oil," all creditors can be paid, is too indefinite and speculative to constitute a basis for rehabilitation within a reasonable time.

Therefore, under Wright v. Vinton Branch, etc., supra, "there is no reasonable hope that the debtor can rehabilitate himself within the three-year period." If it is apparent to the court that at the end of the three-year period the whole debt could

not be liquidated or settlements could not be made which would be satisfactory to the creditors, then there would be no occasion for an extension. Under all of the evidence before the court, this estate would certainly not be in any better condition at the end of three years than it is now. It simply means prolonging inevitable liquidation.

For the reasons stated herein this cause is dismissed, and the creditors are entitled to proceed in the state court. An exception is allowed the bankrupt.