## HINES v. FARKAS et al.
### No. 9198.

Circuit Court of Appeals, Fifth Circuit.
Jan. 22, 1940.

R. J. Bacon, of Albany, Ga., for appellant.

Leonard Farkas, of Albany, Ga., for appellees.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

SIBLEY, Circuit Judge.

We have just held that a court receiver is not the "personal representative" of a deceased farmer authorized to seek relief under Bankruptcy Act § 75, 11 U.S.C.A. §203. Bacon, Receiver, v. Federal Land Bank, 109 F.2d 285. This case questions whether a temporary administrator under the law of Georgia is such personal representative, for the district judge dismissed the petition of Golden Hines, as temporary administrator of Sallie Hines, solely and expressly on the ground that such an administrator could not bring it. The case alleged seems weak and trivial on the merits, but we are confined to the one question decided below.

It is asserted that since in Georgia the title to realty of an intestate

vests at once in his heirs, (Code of Georgia 113-901), a permanent administrator could not make the agreements about farms, rentals, and the like contemplated by Section 75 and so may not invoke it. Compare Buxton's Estate, D.C., 14 F.Supp. 616, In re Reynolds, D.C., 21 F.Supp. 369. We do not agree. Section 75 is a bankruptcy statute, concerned primarily with debts and not land. It deals with land only when and because land secures or is assets to pay debts. In Georgia land securities survive the death of the debtor, and land descends to his heirs subject to administration by the administrator to pay debts, and he is entitled to possession of the whole estate to this end. Code §§ 113-1509, 113-1706, 113-907. He alone can be sued for the decedent's debts, and he is exempt from suit for twelve months from his qualification to enable him to liquidate the estate and pay them. Sect. 113-1526. He may continue the business of the deceased, including farming. Sect. 113-1523. He may compromise claims for or against the estate. Secs. 113-1513, 113-1514. For some of these activities an order from the Ordinary is requisite, but they all come within the range of his powers. He is a fit person to handle the composition and adjustment of the estate's farming affairs, and is a "personal representative" meant by Section 75, sub. r, 11 U.S.C.A. § 203, sub. r. There may be limits, inherent in his office, to the proposals he may make to creditors, but he is authorized to enter the bankruptcy court to try therein to adjust the estate's affairs. Whether the Bankruptcy Act does or can extend his powers as administrator further than the State law does is a question not now for decision.

In Georgia, by Code, § 113-1207, "The ordinary may at any time grant temporary letters of administration upon any unrepresented estate, for the purpose of collecting and taking care of the effects of the deceased, to continue and have effect until permanent letters are granted." By Sect. 113-1511, "A temporary administrator may sue for the collection of debts or personal property of the intestate. If a permanent administrator, shall be appointed pending the action, he may be made a party in lieu of the temporary administrator." In general the temporary administrator is to collect and preserve the "effects", that is the personal property of the estate, including money owing, and may sue for them. He cannot sue for land adversely held: Banks v. Walker, 112 Ga. 542, 37 S.E. 866. But he can take steps in court to stop the sale of land under execution: Reese v. Burts, 39 Ga. 565. And may try the case which results. Barfield v. Hartley; 108 Ga. 435, 33 S.E. 1010. And he may and should secure an injunction when necessary to protect the estate. Johnson v. Brady, Adm'r, 24 Ga. 131. Since these cases were decided the powers of a temporary administrator have been enlarged by the Act of 1935, p. 326, Ga.Code, § 113-1527, thus: "Temporary administrators, pending the appointment of a permanent administrator * * * are authorized to carry out existing contracts of the deceased, carry on the business of the deceased and do such acts as might be required of a receiver in the superior court provided proper orders are secured from the court of ordinary, after due notice to all parties at interest." A temporary administrator, seeking relief under Section 75, is initially only seeking to preserve the estate from sale, in effect by a general injunction, that he may carry on the farming business of the deceased. There may be urgent necessity for it, for sales under execution and irrevocable powers may proceed notwithstanding the death of the debtor, and before the permanent administrator can be appointed, for that requires an advertised citation for four weeks. The temporary administrator is temporarily the "personal representative" of the intestate. The Supreme Court of Georgia calls him just that in Louisville & N. R. R. Co. v. Chaffin, Adm'r, 84 Ga. 519, 11 S.E. 891. He is authorized to file a petition under Section 75, though confirmation of any plan might properly await the appointment and substitution of the permanent administrator.

The judgment is reversed and the case remanded for further proceedings.