On the 16th day of January, 1939, Sterling P. Harris filed his unverified petition in the Probate Division of the District Court of Salt Lake County for letters of administration upon the estate of Anna L. Harris, his deceased wife.
At the time of the death of Anna L. Harris there was pending in the United States District Court for the District of Utah a proceeding under Section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203. That proceeding abated by the death of Anna L. Harris.
February 10, 1940, Sterling P. Harris, as administrator of the estate of Anna L. Harris, filed a petition in the District Court of the Third Judicial District of the State of Utah for Salt Lake County, alleging "that unless said proceeding is revived and reinstated, the entire estate of said deceased is in danger of being lost." The petitioner prayed for an order authorizing him to apply to the United States District Court for an order reviving and reinstating the debtor relief petition of Anna L. Harris, deceased.
The Probate Court granted the petition and entered an order authorizing the administrator to apply to the United States District Court for an order reviving and reinstating the debtor relief proceedings. The administrator asks leave of the probate court to seek the benefits of section 75 in the bankruptcy court. Two months after the death of Anna L. Harris the Probate Court appointed respondent administrator of his deceased wife's estate.
Thereafter Zion's Savings Bank and Trust Company, the holder of a mortgage, proceeded to foreclose its mortgage. Judgment of foreclosure was entered. A sheriff's sale was had and a certificate of sale was issued to the bank as purchaser for the full amount of the judgment. Just before the redemption period expired entitling the bank to a sheriff's deed, the respondent administrator petitioned the probate court for leave to apply in the federal court for a revivor of the bankruptcy proceedings. The petition was *Page 466 
granted and order made, but stayed pending appeal by the bank and upon giving a supersedeas bond. The bond was given and appeal taken.
Appellant assigns and argues it was error for the Probate Court of Salt Lake County to grant the petition and make the order authorizing the administrator to apply to the United States court.
The question here is not whether the Frazier-Lemke Act permits the administrator of a deceased farmer to file a petition for debtor's relief under the moratorium provisions of the act, but whether the Probate Court has the authority to authorize an administrator to file such a petition in the United States District Court in the abated bankruptcy proceeding.
An administrator desiring to seek the benefit of the Frazier-Lemke Act is required under the provisions of the act to first obtain the authority of the Probate Court which appointed him and to exhibit in his petition to the federal court his appointment and authorization.
The privilege conferred by the act in event a legal authorization is made by a court having power to do so is contained in Section 9:
"(9) The personal representative of a deceased farmer who desires in his representative capacity to effect, under section
75, a composition or extension of the debts of the estate, shall attach to his petition, in lieu of schedules, the following papers * * *
"(a) a copy of the order of his appointment, (b) a copy of an order of the probate court authorizing him to file the petition." (Italics ours) General Order 50(9), 11 U.S.C.A. following section 53.
The source of the administrator's power and that of the probate court must be found in the Probate Code. Nowhere in the Probate Code is there any power expressed authorizing an administrator to resort to the Frazier-Lemke Act or permitting the probate court to authorize him to do so. 1, 2 Federal courts have no jurisdiction in probate matters in respect to the administration of the *Page 467 
estates of deceased persons. 2 Hughes Federal Practice, Jurisdiction and Procedure, § 985.
"Proceedings for the administration of estates of decedent's are purely statutory." 1 Bancroft's Probate Practice, p. 76, § 37.
"Jurisdiction of the Probate Courts to administer upon the estate of decedents is primary and exclusive." 1 Bancroft's Probate Practice, p. 62, § 33.
"The court, sitting in probate, derives its power from the statutes and has only such powers as are granted by statute or reasonably implied or reasonably necessary and proper to effectuate the powers which are given." In re Cloward's Estate,95 Utah 453, 82 P.2d 336, 339, 119 A.L.R. 123.
The problem presents the anomaly, if allowed, of a probate court divesting itself of the management of the estate and permitting its appointee who represents the interests of the heirs, if there are any heirs of the deceased, to be subjected to the jurisdiction of another tribunal.
The administrator is neither a debtor nor a bankrupt, and has only the control of the property for the purpose of pursuing the statutory probate proceedings in order that the heirs may receive what there is remaining after the expenses of administration have been paid and the claims of creditors have been satisfied. What would be the method of unraveling a situation if an administrator should die or resign and another should apply for appointment who was unwilling to ask for permission to come under the provisions of the bankruptcy act?
Where a similar matter has reached the federal courts, two of them have been denied the privilege of the conciliatory provisions of the bankruptcy act and one has allowed it. In reReynolds, D.C. Okla., 21 F. Supp. 369; and In re Buxton'sEstate, D.C. Ill., 14 F. Supp. 616, 617. Contra, Hines v.Farkas, 5 Cir., 109 F.2d 289.
The case of In re Reynolds, supra, involved the Probate Code of Oklahoma and was decided by a federal district court there in 1937. The administrator petitioned the federal court to revive the proceedings and was met with a *Page 468 
motion to dismiss the entire cause on the grounds that title to the real property vested immediately in the heirs under the Oklahoma law. The section in question (O.S. 1931, Sec. 1615, 84 Okla. St. Am. § 212) practically identical with our own Section 101-4-2, R.S. Utah 1933, is as follows:
"The property, both real and personal, of one who dies without disposing of it by will, passes to the heirs of the intestate, subject to the control of the county court, and to the possession of any administrator appointed by that court for the purpose of administration."
The federal court, bound as it was thereby, looked to the state court decisions on the subject of descent and said that the Oklahoma Supreme Court had commented on this section several times and quoted from the state court in Seal v. Banes,168 Okla. 550, 35 P.2d 704, 705:
"Upon a person dying intestate, the heirs of such person become immediately vested with the estate, and the estate is indefeasible, subject to the control of the county court and the possession of and management by the administrator, and it is his duty simply to preserve the estate until distribution to the heirs, unless, and in the manner provided by statute, the necessity should arise for a sale."
The court also quotes from another state court decision, Inre Hibdon's Estate, 102 Okla. 145, 228 P. 154:
"`Under section 11300, C.L. 1921 (84 Okla. St. Ann., § 212), all property, both real and personal, of all persons who die intestate passes to the heirs of such intestate, subject to the control of the county court and subject to administration.'" The court further stated:
"The question of whether or not an administrator can maintain an action in bankruptcy under section 75 of the Bankruptcy Act has not been passed upon by the higher courts, but in an opinion involving the same substantial provisions of the statutes of Illinois as are contained in the Oklahoma Statutes, with reference to the powers of executors and administrators, the District Court for the Eastern District of Illinois, in the case of In re Buxton's Estate, 14 F. Supp. 616, has held (quoting from the sixth syllabus): `Deceased farmer's administrator, appointed under Illinois law, could not be adjudicated a bankrupt under statute, notwithstanding statute includes personal representative of deceased farmer within designation of "farmer," *Page 469 
in view of limited authority of administrator over decedent's real estate under Illinois law and his consequent inability to subject decedent's real estate to provisions of statute (Bankr. Act § 75 (r, s), as amended, 11 U.S.C.A. § 203 (r, s).'
"The Illinois statute is so similar to the Oklahoma statute that the court cannot conceive of a different conclusion under the circumstances of this case, than that reached by Judge Wham in the Illinois case. It is the judgment of the court that the administrator cannot maintain this action." [21 F. Supp. 370.]
Thus, under statutory provisions identical with those of our own Probate Code regarding descents of real property the court held the administrator was without authority to maintain the Frazier-Lemke proceedings and they were dismissed.
The Illinois court stated [14 F. Supp. 618]:
"May an administrator of the estate of a deceased farmer appointed under the law of Illinois be lawfully adjudicated a bankrupt under said subsection (s) in view of the fact that said subsection opens the door of bankruptcy thereunder to `any farmer,' and that subsection (r) of said section 75 * * * `includes the personal representative of a deceased farmer'?
"My conclusion is that while the term `personal representative' as used in subsection (r) of section 75, may be broad enough to include all executors and administrators of estate of deceased farmers, it does not follow that all executors and administrators may lawfully enter into bankruptcy. It was not the purpose of Congress through this legislation to attempt to add to or remove limits from the power and authority conferred by a state statute upon a personal representative created solely by virtue of such statute through an order of court authorized therein as is an administrator of an estate of a deceased person under the laws of Illinois. Rather it would seem that the sole purpose of Congress was to make sections 74 and 75 of the Bankruptcy Act * * * (11 U.S.C.A. §§ 202, 203), available to those personal representatives of deceased farmers who by statute, will, or other creating means are given sufficiently broad powers * * * to take advantage, depending on the extent of such power, of all or part of the provisions of said sections."
As to the administrator's power under the Illinois law it is said: *Page 470 
"Administrator of an estate of a deceased person in Illinois is appointed under statutes giving him strictly limited powers. Being a creature of statute, he must derive his entire authority thereunder. * * *
"An administrator takes no title to real estate, either legal or equitable, but it descends to and vests in the heirs at once upon the death of the ancestor."
Then coming to the administrator and the Frazier-Lemke Act, the court concludes:
"Accepting the foregoing as an accurate statement of the very limited powers of an administrator under the laws of Illinois, it is difficult to see how he could, within the limitation of those powers, lawfully take advantage of said subsection (s) in so far as it applies to real estate. For him to do so would require him to take and for a period of three years retain possession of the real estate which on the death of his decedent, vested in the heirs at law * * *."
The Illinois federal court then finally concluded that the administrator with his limited power and authority over the real estate cannot subject it to the provisions of Section 75 and granted the motion to dismiss.
In re Reynolds and In re Buxton are distinguishable from the case of Hines v. Farkas in that the last case was based on a statute different from the statute construed in the first two cases. The Georgia statute differs from the Utah Probate Code, and the applicant was a special administrator whose powers are limited to the preservation of the assets of the estate. In so far as any of the federal cases may be considered, we think the position taken in the cases of In re Reynolds and In re Buxton's estates accord with our statute and our views.
Our Probate Code nowhere authorizes an administrator to resort to the Frazier-Lemke Act, nor does it permit the probate court to authorize him to do so. Neither the administrator nor the probate court has any power express or implied to permit one to carry the estate out of the power of the probate court 3 or the latter to divest itself of jurisdiction and permit the estate and its officer *Page 471 
to become subject to another tribunal from which neither may be reclaimed.
The court erred in entering its order and the same is reversed. The order should be vacated and set aside. Such is the order. Costs to appellant.
LARSON, McDONOUGH, and PRATT, JJ., concur.