**CHAPMAN v. FEDERAL LAND BANK OF LOUISVILLE, KY.**
**CHAPMAN et al. v. SAME.**

**Nos. 8400, 8720.**

Circuit Court of Appeals, Sixth Circuit.

Jan. 14, 1941.

Elmer McClain, of Lima, Ohio, for appellants.

J. S. Grimes and J. F. Williamson, both of Louisville, Ky. (William C. Goodwyn, J. F. Williamson, and J. S. Grimes, all of Louisville, Ky., on the brief), for appellees.

Before HAMILTON, ARANT, and MARTIN, Circuit Judges.

MARTIN, Circuit Judge.

These two farmer-debtor proceedings under Section 75 of Chapter VIII of the National Bankruptcy Act, 11 U.S.C.A. § 203, were filed simultaneously in the District Court on July 18, 1938. In case No. 8400, George Bronson Chapman, administrator of his deceased wife, Martha W. Chapman, and in case No. 8720, the husband individually and his two sons, as heirs at law of their deceased mother, were the petitioners. Mrs. Chapman, at the time of her death, was owner of a two hundred and odd acre farm in Wood County, Ohio.

Early motions in each case were made by two mortgage creditors, the Wood County Savings Bank Co., and the Federal Land Bank of Louisville, to dismiss the proceedings and to authorize foreclosure in the state court.

On September 27, 1938, a few days after these motions were filed, the debtors' petitions were amended to seek the benefits provided in subsection s of section 75 of the Bankruptcy Act. The District Judge ordered immediately in each case that action on the petition for adjudication under Section 75, sub. s, be stayed pending decision on the motions to dismiss; and on October 10, 1938, the judge referred hearing of evidence on the motions to the Supervising Conciliation Commissioner for the District, with direction that the named official report to the court his findings and recommendations. Some six and a half months later, the Conciliation Commissioner filed his re-

port, recommending denial of relief to the debtors under Section 75, sub. s, on the basis of his fact findings that (1) "the debtors did not make offers of composition or extension to their creditors which were equitable and feasible from the standpoint of the secured creditors, nor were the proposed plans to the best interests of all creditors," and that (2) "the debtors were without reasonable hope of rehabilitating themselves" under the provisions of the Act.

On July 29, 1939, in each case the District Judge entered an order overruling objections of the farmer-debtors and fully approving the report of the Conciliation Commissioner. Further directions were that "all stay orders entered in this cause are set aside and held for naught, all jurisdiction of the court over the real estate and personal property of the debtor-bankrupt be and it hereby is terminated, and the creditors are hereby authorized to take such steps as they may deem advisable to foreclose upon their liens in the State Court, and that this cause be and it is hereby dismissed."

The two cases have been consolidated for hearing on appeal. In case No. 8400, the administrator unquestionably perfected his appeal seasonably; but in case No. 8720, the petitioners took no steps toward review until February 28, 1940, when they filed in the District Court a petition for rehearing grounded on three decisions of the Supreme Court announced since the entry of the order of dismissal. John Hancock Mutual Life Insurance Co. v. Bartels, 308 U.S. 180, 60 S.Ct. 221, 84 L.Ed. 176; Gray v. Union Joint Stock Land Bank of Detroit, 308 U.S. 523, 60 S.Ct. 291, 84 L.Ed. 443; Morrison v. Federal Land Bank, 308 U.S. 524, 60 S.Ct. 292, 293, 84 L.Ed. 443.

These decisions definitely decree the right of a farmer-debtor, who has failed to obtain in proceedings under subsections a to r, requisite acceptance of his composition or extension proposal, to amend his petition, be adjudged a bankrupt pursuant to subsection s, and have his property rights protected by Federal Court supervision thereunder. They establish incontrovertibly the proposition that a court of bankruptcy commits error in dismissing the petition of a farmer-debtor upon the ground that the evidence shows no reasonable probability of his financial rehabilitation and because in the judge's opinion no offer has been made by the debtor which could be construed as an offer in good faith for extension and composition.

The very recent case, Wright v. Union Central Life Insurance Company, 61 S.Ct. 196, 85 L.Ed. ——, decided December 9, 1940, distinctly declares that in a proceeding under Section 75, sub. s (3), it was reversible error for a district court, before ordering a public sale, to deny to a farmer-debtor the opportunity of redeeming his property at the value fixed by the court. See, also, Borchard v. California Bank, 310 U.S. 311, 60 S.Ct. 957, 84 L.Ed. 1222.

Manifestly, the District Court erred in its original order of dismissal of case No. 8720, and also in dismissing case No. 8400, unless in the latter appellees are correct in their contention that an Ohio Administrator may not pursue and find relief in his representative capacity under Section 75, sub. s, of the Bankruptcy Act.

But with respect to case No. 8720, appellees insist that the appeal should be dismissed for the reason that appellants failed to comply with the requirements of section 25, sub. a, of the Bankruptcy Act, 11 U.S.C.A. § 48, sub. a, which provides: "Appeals under this title to the Circuit Courts of Appeals of the United States and the United States Circuit Court of Appeals for the District of Columbia shall be taken within thirty days after written notice to the aggrieved party of the entry of the judgment, order or decree complained of, proof of which notice shall be filed within five days after service or, if such notice be not served and filed, then within forty days from such entry."

No appeal was taken within the time stipulated in the statute from the final order of July 29, 1939, dismissing the cause; and the petition to rehear was not filed until February 28, 1940. Appellees say, therefore, that an appeal does not lie from the order entered June 19, 1940, denying the petition to rehear, filed seven months after entry of the order of dismissal.

The question presented to us was answered by the Circuit Court of Appeals for the Tenth Circuit in Mintz v. Lester, 95 F.2d 590, 591, in which a farmer-debtor filed an amended petition seeking adjudication in bankruptcy under subsection s, of section 75 of the Bankruptcy Act, 48 Stat. 1289, 11 U.S.C.A. § 203. Seventeen months after the district court entered an order dismissing the proceeding, the farmer-debtor filed a petition for rehearing and from an

order denying the same, an appeal was promptly prayed. The appellate court dismissed the appeal, saying (opinion, 95 F.2d 591): "A party may not avoid the effect of the statute limiting the time within which an appeal may be taken from an order, by filing after the time for appeal from such order has expired, a motion for rehearing or a motion to vacate the order and appealing from the order denying the motion for rehearing or the motion to vacate."

The same court previously had succinctly stated in Clarke v. Hot Springs Electric Light & Power Co., 10 Cir., 76 F.2d 918, 921: "A petition for rehearing cannot resurrect a right of appeal which has expired." See, also: Bonner v. Potterf, 10 Cir., 47 F.2d 852; United States v. Dowell, 8 Cir., 82 F.2d 34; Foster v. McMasters, 8 Cir., 15 F.2d 751; United States v. East, 8 Cir., 80 F.2d 134; In re Stearns & White Co., 7 Cir., 295 F. 833; In re Thompson, 9 Cir., 264 F. 913; Rode & Horn v. Phipps, 6 Cir., 195 F. 414, 418.

A petition for rehearing is addressed to the sound discretion of the court, and its denial is not the subject of appeal. Roemer v. Bernheim (Roemer v. Neumann), 132 U.S. 103, 10 S.Ct. 12, 33 L.Ed. 277; Harris v. Mills Novelty Co., 10 Cir., 106 F.2d 976, 978; Stradford v. Wagner, 10 Cir., 64 F.2d 749; Mintz v. Lester, supra.

This has long been settled law. In Conboy v. First National Bank of Jersey City, 1906, 203 U.S. 141, 145, 27 S.Ct. 50, 52, 51 L.Ed. 128, a bankruptcy case, it was said: "No appeal lies from orders denying petitions for rehearing, which are addressed to the discretion of the court and designed to afford it an opportunity to correct its own errors." The Supreme Court held that the right of appeal, lost by a failure to make seasonable application for a rehearing within the thirty days allowed for appeal under an applicable general order, could not be restored by filing a petition for rehearing.

Appellants contend that Morse v. United States, 270 U.S. 151, 46 S.Ct. 241, 70 L.Ed. 518, supports their argument. We disagree; for Chief Justice Taft said (opinion, 270 U.S. 154, 46 S.Ct. 242): "The suspension of the running of the period limited for the allowance of an appeal, after a judgment has been entered, depends upon the due and seasonable filing of the motion for a new trial or the petition for rehearing."

Nor do we think that Wayne Gas Co. v. Owens Co., 300 U.S. 131, 57 S.Ct. 382, 81 L.Ed. 557, which recognizes the discretionary and nonappealable status of a motion for a rehearing, affords appellants any comfort. It was distinctly stated (opinion, 300 U.S. 137, 57 S.Ct. 385): "A defeated party who applies for a rehearing and does not appeal from the judgment or decree within the time limited for so doing, takes the risk that he may lose his right of appeal, as the application for rehearing, if the court refuse to entertain it, does not extend the time for appeal."

This language describes the plight of appellants in the instant case; for here the court did not grant a rehearing but "overruled" the petition in a final order on June 19, 1940, after having entered on May 29, 1940, a signed memorandum: "Petition for rehearing denied."

The true test has been stated clearly by the Supreme Court in a very recent case, Bowman v. Lopereno, 61 S.Ct. 201, 203, 85 L.Ed. ——, decided December 9, 1940: "The filing of an untimely petition for rehearing which is not entertained or considered on its merits, or a motion for leave to file such a petition out of time, if not acted on or if denied by the trial court, cannot operate to extend the time for appeal. [Citing Morse v. United States, 270 U.S. 151, 153, 154, 46 S.Ct. 241, 70 L.Ed. 518; Wayne United Gas Co. v. Owens-Illinois Glass Co., 300 U.S. 131, 137, 57 S.Ct. 382, 81 L.Ed. 557.] But where the court allows the filing and, after considering the merits, denies the petition, the judgment of the court as originally entered does not become final until such denial, and the time for appeal runs from the date thereof." Citing Voorhees v. John T. Noye Mfg. Co., 151 U.S. 135, 137, 14 S.Ct. 295, 38 L.Ed. 101; Gypsy Oil Co. v. Escoe, 275 U.S. 498, 499, 48 S.Ct. 112, 72 L.Ed. 393; Wayne United Gas Co. v. Owens-Illinois Glass Co., supra, 300 U.S. 137, 138, 57 S.Ct. 382, 81 L.Ed. 557.

The authorities which have been discussed, when applied to the record of the proceedings in the case at bar lead to the conclusion that appellants have no legal standing for the consideration of their appeal in case No. 8720.

As previously indicated, case No. 8400 should be reversed, unless appellees are correct in their contention that an Ohio administrator of a deceased farmer may not be adjudged a bankrupt under subsection s, of Section 75 of the Bankruptcy Act.

They point out that in Ohio the real estate of an intestate descends to his legal heirs, subject only to the right of the administrator to sell the land for the payment of debts and that the heirs are entitled to possession and rents until the actual sale of the land by the administrator (Overturf v. Dugan, 29 Ohio St. 230); that an Ohio administrator is not even permitted to invest funds belonging to a decedent's estate in land (Ohio General Code, § 10506-41); and that an administrator could not rent the land, or repurchase it at the end of the statutory three-year stay, the law being well settled that an administrator cannot directly, or indirectly purchase any property of an estate administered by him. (Piatt v. Longworth's Devisees et al., 27 Ohio St. 159; Caldwell v. Caldwell, 45 Ohio St. 512, 15 N.E. 297).

Appellees submit in support of their argument that in two districts where state probate laws are similar to those of Ohio, administrators have been denied relief under subsection s, supra. In re Buxton's Estate, D.C.Ill., 14 F.Supp. 616; In re Reynolds, D.C.Okl., 21 F.Supp. 369.

The reasoning of these district court opinions has been rejected in Hines v. Farkas, 5 Cir., 109 F.2d 289, wherein the right of a Georgia administrator to carry on the farming business of his decedent under Section 75 to preserve the estate from sale is expressly recognized, despite substantial similarity of state statutes involved to those of Illinois, Oklahoma and Ohio.

The Ohio statute invests the Probate Court with authority to permit an administrator to continue the decedent's business for such time, in addition to an allotted one month, as the court may authorize. Ohio General Code, § 10509-9. The Probate Court has sweeping statutory authority "to direct and control the conduct * * * of executors and administrators." Ohio General Code, § 10501-53.

The administrator appealing to us attached to his original petition, filed under Section 75 of the Bankruptcy Act, "a copy of an order of the Probate Court authorizing him to file this petition." He, therefore, had state authority to proceed to obtain the benefits of the federal act. The matter of his right to pursue prescribed remedies under Section 75 is res adjudicata against collateral attack in a state court. Stoll v. Gottlieb, 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104. See, also, Chicot County Drainage District v. Baxter State Bank, 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329.

The effect of the filing of the petition is a federal question. Kalb v. Feuerstein, 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370. We think, under the doctrine of the last cited case, the Ohio state court has no further power over the debtors' property in conflict with procedure under Section 75, sub. s, except such as may be yielded by the federal court, which obtained jurisdiction by the voluntary approval of the state court. Once the Ohio Probate Court gave its consent that the administrator might file his petition under Section 75, which he did in conformity with General Order 50(9), 11 U.S.C.A. following section 53, the federal court was granted thereby plenary power to afford the estate of the debtor all remedies which in its judgment the federal statutes allow.

Should the administrator be denied the protective wing of Section 75, sub. s? We think not. Section 75, subs. a to r, and Section 75, sub. s, are not in effect separate and distinct acts, but are warp and woof of the same piece of constructive relief legislation for the distressed farmer-debtor.

"The Act must be liberally construed to give the debtor the full measure of the relief afforded by Congress (John Hancock Mutual Life Ins. Co. v. Bartels, supra; Kalb v. Feuerstein, supra), lest its benefits be frittered away by narrow formalistic interpretations which disregard the spirit and the letter of the Act." Wright v. Union Central Life Insurance Company, 61 S.Ct. 196, 200, 85 L.Ed. ——, decided December 9, 1940.

Subsection r, immediately preceding subsection s, defines the word "farmer" to include "the personal representative of a deceased farmer."

Subsection s expressly gives to any farmer who fails to effectuate a composition or extension agreement with his creditors the right to amend his petition and be adjudged a bankrupt.

The District Judge denied the appellant as personal representative of the deceased farmer this valuable statutory right. In this, we think there was manifest error. Accordingly, in case No. 8400, the District Court is directed to set aside its order of July 29, 1939, reinstate this proceeding and permit the administrator of the

deceased farmer-debtor to proceed to obtain the relief prayed in his amended petition filed September 27, 1938, pursuant to Section 75, subsection s, of the National Bankruptcy Act.

For reasons heretofore given, the appeal in case No. 8720 is dismissed.

HAMILTON, Circuit Judge, concurs in the opinion in both cases.

ARANT, Circuit Judge, concurred in the decision of case No. 8400; but on account of illness did not participate in the decision of case No. 8720.