**In re BRUSASCHETTO'S ESTATE.**

**No. 32130–S.**

District Court, N. D. California, S. D.

April 18, 1941.

James C. Walsh, of Oakland, Cal., and Fred A. Wool, both of San Jose, Cal., for movents.

Edward M. Fellows, of San Jose, Cal., for Brusaschetto's Estate.

ST. SURE, District Judge.

Certain secured creditors of Carlo Brusaschetto, deceased, move to dismiss the above-entitled proceeding for lack of jurisdiction.

Olimpia Brusaschetto, as executrix of the last will and testament of said decedent, filed in this court a debtor's petition under § 75 of the Bankruptcy Act, 11 U.S.C.A. § 203, with appropriate allegations, showing that decedent was at the time of his death a farmer in the Santa Clara Valley within the meaning of subdivision r of § 75 of the Bankruptcy Act. Attached to the petition were papers, certified as correct by the Superior Court of the State of California, required by subdivision (9) of General Order 50, 11 U.S.C.A. following section 53. This court approved the petition and made the usual order of reference to the Conciliation Commissioner. Thereafter the matter was brought under subsection s of § 75 and debtor was adjudged a bankrupt.

In its order admitting the will to probate and appointing the executrix the state court found that decedent left real and personal property of the probable value of $15,000. In an "order of directions and instructions" to the executrix the state court said that it appeared that among the assets of said estate was a piece of real property, subject to a note of $10,000, secured by a deed of trust. "It further appearing," continues the order, "that said Executrix has endeavored to get an extension or renewal thereof, but has been unsuccessful in doing so and that it is for the advantage and best interest of said estate that said Executrix, in order to save said property, in which said estate has an equity, that she file, as such Executrix, under Section 75 of the Bankruptcy Act, commonly known as the 'Frazier-Lemke Act', to protect said property. Now, therefore, it is hereby ordered, adjudged and decreed that said Executrix be, and she is hereby, instructed and directed to file a petition under Section 75 of the Bankruptcy Act, commonly known as 'The Frazier-Lemke Act', to protect the property above described, and subject to all of the terms and conditions contained in said Act."

The motion specifies as grounds for dismissal that the executrix had no power or authority to institute, maintain, or prosecute these proceedings; that the Superior Court had no power to authorize and direct the executrix to prosecute these proceedings; that this court is without jurisdiction since the matter involves the administration of the estate of a deceased person; that the executrix, as such, has no title to any of the property of the estate of decedent.

Movents cite the California Probate Code, §§ 301, 1242, and also In re Buxton's Estate, D.C., 14 F.Supp. 616; In re Reynolds, D.C., 21 F.Supp. 369; and Zion's Savings Bank & Trust Co. v. Harris, Utah, 105 P.2d 461. While the cases cited seem to support movents' contention they do not impress me because of the applicable law of California and the provisions of the Bankruptcy Act, particularly subdivision (9) of General Order 50.[1]

---

[1] "(9) The personal representative of a deceased farmer who desires in his representative capacity to effect, under section 75, a composition or extension of the debts of the estate, shall attach to his petition, in lieu of schedules, the following papers, certified as correct by the court which appointed him (hereinafter referred to as the probate court): (a) a copy of the order of his appointment, (b) a copy of an order of the probate court authorizing him to file the petition, (c) a detailed inventory of so much of the property constituting the estate as

Section 75 of the Act is concerned primarily with debts, and not land, and deals with land only when land secures or is assets to pay debts. Hines v. Farkas, 5 Cir., 109 F.2d 289. Under the California Probate Code the executrix "must take into his [her] possession all the estate of the decedent, real and personal, and collect all debts due to the decedent or to the estate." § 571, Probate Code. The executrix may sue for and recover any property, real or personal, belonging to the estate. § 573, Probate Code. It is the duty of the executrix to possess all the property of the decedent and to receive the rents and profits therefrom until the estate is settled. She must keep the property in good tenantable repair. § 581, Probate Code. "In all cases where no other or no different procedure is provided by statute, the court on petition of the executor or administrator may from time to time instruct and direct him as to the administration of the estate and the disposition, management, operation, care, protection or preservation of the estate or any property thereof." § 588, Probate Code.

"It is of importance that in California the general and the probate jurisdiction is united in one court, differing therein from many other states. When the superior court sitting in probate has jurisdiction of the subject matter, it has power to hear and determine in the mode provided by law all questions of law and fact the determination of which is ancillary to a proper judgment.

"The superior court in the exercise of its probate jurisdiction is guided by and proceeds upon the principles of equity, and it may bring to its aid the full equitable and legal powers with which, as the superior court, it is invested. It has all equitable powers necessary to the complete administration of estates. * * * A contrary doctrine would deprive the probate court of all power except what is directly conferred upon it in the very words of the statute.

The inherent power in probate is an incidental power pertaining to all courts for the purpose of enabling them to exercise the jurisdiction conferred upon them." See §§ 37–39, Executors and Administrators, 11a California Jurisprudence; Estate of Bell, 168 Cal. 253, 257, 141 P. 1179; Estate of Houston, 205 Cal. 276, 283, 270 P. 939.

The question for decision here has not been directly passed upon in the Ninth Circuit. In Lemm v. Northern California National Bank, et al., 93 F.2d 709, 711, the Ninth Circuit had before it an appeal from an order dismissing with prejudice a proceeding where petitioner individually and as administratrix of the estate of deceased filed a farmer's debtor petition under § 75, subs. a–r of the Act, without complying with the requirements of subdivision (9) of General Order 50. The court apparently assumed that proper procedure in the premises had been established by existing State and Federal statutes. Judge Healy, author of the opinion, said: "An administrator is in a real sense an officer of the state court and is subject to its direction and control. 11A Cal.Jur. 77–79. A proper respect for the jurisdiction of the state court demands a strict adherence to the provisions of the General Order. The bankruptcy court has no authority to entertain the petition of a personal representative of a deceased farmer unless authorization has been obtained by him from his supervisory court. No authority of this sort was presented by the petitioner and the rules mentioned were in no manner complied with. Since the motion of the appellee creditors to dismiss the petition was based in part on the petitioner's disregard of the jurisdiction and authority of the probate court, dismissal was proper. Dismissal with prejudice, however, would not be warranted on this ground alone."

I think that the law amply sustains the present proceeding. The motion to dismiss will be denied.

---

under the laws of the State of which the decedent died a resident would be available for creditors, and (d) a list of the names and addresses of the creditors, showing the amounts allowed or apparently owing to each, the nature of the securities or liens, if any, held by each, and the claims which are entitled to priority. The petition shall show to the satisfaction of the district court that the decedent at the time of his death was a farmer within the meaning of subdivision (r) of section 75, and shall specify the county or counties in which at the time of the decedent's death his farming operations occurred. If the petition is approved by the district court as properly filed under section 75, the clerk shall file a certified copy of the order of approval with the probate court, and from the date of such order until the case is dismissed the district court shall exercise exclusive jurisdiction over the property required to be listed in the inventory as above provided."