## In re SCHAFER'S ESTATE.
### No. 1438.

District Court, D. North Dakota, Southwestern Division.

Feb. 3, 1942.

F. E. McCurdy of Bismarck, N. D., for debtor.

Alvin C. Strutz, Atty. Gen., and C. E. Brace, Asst. Atty. Gen., both of Bismarck, N. D., for the State of North Dakota.

VOGEL, District Judge.

This matter comes before the Court on the motion of the State of North Dakota, a secured creditor of John L. Schafer, deceased, to dismiss the proceedings herein.

Michael J. Schafer, as administrator of the estate of John L. Schafer, deceased, has filed in this Court a debtor's petition under Section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203, setting forth the necessary allegations showing that the decedent at the time of his death was a farmer residing in the County of Morton and State and District of North Dakota, within the meaning of subdivision r of Section 75 of the Bankruptcy Act. Among other papers attached to the petition were a copy of the order of the County Court appointing Michael J. Schafer as administrator of the estate of John L. Schafer, deceased, and certified copy of the order of the County Court permitting the administrator to file his petition under Section 75 of the Bankruptcy Act, in accordance with the requirements of Subsection 9, General Order No. 50, United States Supreme Court, 11 U.S.C.A. following section 53. The order of the County Court authorizing the administrator to so proceed is dated May 29, 1941, and was filed in this Court on June 9, 1941. This Court approved the petition and on June 9, 1941, made an order of reference to S. E. Halpern, Conciliation Commissioner for Morton County.

The motion of the State of North Dakota specifies several grounds as basis therefor.

The main question, however, goes to the authority of an administrator to file a petition under Section 75 of the Bankruptcy Act and to subject the estate of a deceased to the provisions thereof.

Subsection r of Section 203, Title 11 U.S.C.A., provides as follows: "(r) For the purposes of this section and section 22 (b) the term 'farmer' includes not only an individual who is primarily bona fide personally engaged in producing products of the soil, but also any individual who is primarily bona fide personally engaged in dairy farming, the production of poultry or livestock, or the production of poultry products or livestock products in their unmanufactured state, or the principal part of whose income is derived from any one or more of the foregoing operations, and includes the personal representative of a deceased farmer; and a farmer shall be deemed a resident of any county in which such operations occur."

The administrator of the estate of a deceased person is such "personal representative" as was intended by the Congress in passing the above quoted statute. The United States Government has exclusive jurisdiction over bankrupts and the estates of bankrupts. To my mind, the right of a personal representative such as the administrator herein to file under the provisions of Section 75 of the Bankruptcy Act does not depend upon the laws of the State of which he is resident, but entirely upon the provisions of the United States statutes.

The creditor herein cites as authority for its motion for dismissal of the petition In re Buxton's Estate, D.C.E.D.Ill., 14 F.Supp. 616, and In re Reynolds, D.C.W.D. Okl., 21 F.Supp. 369.

I am not persuaded by the reasoning of the cases cited. Rather do I prefer the view taken by the Circuit Court of Appeals, 5th Circuit, wherein the Court stated:

"Section 75 is a bankruptcy statute, concerned primarily with debts and not land. It deals with land only when and because land secures or is assets to pay debts. In Georgia land securities survive the death of the debtor, and land descends to his heirs subject to administration by the administrator to pay debts, and he is entitled to possession of the whole estate to this end. * * * There may be limits, inherent in his office, to the proposals he may make to creditors, but he is authorized

1006

to enter the bankruptcy court to try therein to adjust the estate's affairs. Whether the Bankruptcy Act does or can extend his powers as administrator further than the State law does is a question not now for decision." Hines v. Farkas et al., 5 Cir., 109 F.2d 289, 290. See, also, Chapman v. Federal Land Bank of Louisville, Ky., 6 Cir., 117 F.2d 321, 45 Am.Bankr.Rep. 266.

The United States has sole jurisdiction over bankruptcies. A "personal representative" is clearly to be interpreted as an administrator. When bankruptcy supervenes the jurisdiction of the State Court ceases, and as the necessary jurisdictional facts have been alleged herein the motion is dismissed and the case remanded to the Conciliation Commissioner for such further proceedings as may be proper.