## HARRIS v. ZION'S SAV. BANK & TRUST CO.
### No. 2461.

Circuit Court of Appeals, Tenth Circuit.

May 5, 1942.

J. D. Skeen, of Salt Lake City, Utah (E. J. Skeen, of Salt Lake City, Utah, on the brief), for appellant.

Hadlond P. Thomas, of Salt Lake City, Utah (Thomas & Thomas and Daniel H. Thomas, all of Salt Lake City, Utah, on the brief), for appellee.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

During her lifetime, Anna L. Harris filed a petition in the United States District Court for the State of Utah, praying relief under Section 75 of the Bankruptcy Act, subsections a to r, 11 U.S.C.A. § 203 subs. a to r, inclusive. The matter was referred to a conciliation commissioner, an offer of composition and extension was made, but before it was either accepted or rejected, Anna L. Harris died. Thereupon the federal court entered an order abating the pending proceeding. Thereafter Sterling P. Harris, appellant herein, having been appointed administrator of her estate, filed a petition for an order reviving the proceeding in the federal court. The petition had attached to it an order of the Probate Court authorizing the administrator to apply for a revival of the proceeding and also authorizing him to institute a new proceeding in the federal court under Section 75. Appellee, the Zion's Savings Bank and Trust Company, resisted the petition in the Probate Court. It appealed to the Supreme Court of Utah from the order of the Probate Court granting authority to proceed in the Federal Court. After the revival of the proceedings in the Federal Court, the administrator filed an amended petition seeking relief under subsection s of Section 75 of the Act. The matters were kept in abeyance in the Federal Court pending a

decision of the Supreme Court of Utah on the appeal. The Utah Supreme Court reversed the order of the Probate Court granting the administrator authority to proceed in the Federal Court. Application was made for a writ of certiorari to the Supreme Court of the United States. The writ was issued and the matter was set down for argument. After argument, the court dismissed the application for the writ. Harris, Administrator, v. Zion's Savings Bank & Trust Co., 313 U.S. 541, 61 S.Ct. 840, 85 L.Ed. 1509.

Thereupon the Zion's Savings Bank and Trust Company filed an amended motion to strike the petition to revive and the amended petition to proceed under subsection (s). The motion was sustained and judgment was entered accordingly. The administrator has appealed.

The Supreme Court of Utah held that the Probate Court was a creature of the law and that the source of its power and the power of the administrator must be found in the probate code. It held that the administrator could not be authorized by the Probate Court to resort to the Federal Court to revive proceedings which were pending there under Section 75 at the time of decedent's death. In re Harris' Estate, 99 Utah 464, 105 P.2d 461.

 Notwithstanding the holding of the Utah court, appellant contends that power of the administrator to maintain a rehabilitation proceeding under Section 75, sub. (s) is conferred by that part of subsection (r) which provides that the term "farmer" not only includes one who is primarily bona fide personally engaged in producing products of the soil, but also the "personal representative of a deceased farmer." We doubt whether such a broad construction can be sustained. Federal courts have no probate jurisdiction. Power to administer estates resides entirely with the states. Probate courts and administrators are the creatures of state law. They can exercise only such powers as are given to them by their creator. To hold that a federal law could endow an administrator with power denied him by his creator would in effect constitute an amendment of the state law which gave him birth.

 It is argued that the proceeding was pending in the bankruptcy court at the time of the death of Mrs. Harris. That Section 8 of the General Bankruptcy Law,

11 U.S.C.A. § 26, provides that death of a bankrupt does not abate the proceeding nor divest a bankruptcy court of jurisdiction of the bankrupt's property. It is contended that if on the death of a bankrupt, jurisdiction continues in a general bankruptcy proceeding, there is no reason why it should not continue under the same conditions in a proceeding under Section 75. But there are many differences in the two proceedings. In a general bankruptcy, the object is to liquidate one's debts and secure a discharge therefrom. The bankrupt upon filing his petition surrenders his property. The title thereto passes to the trustee, and thereafter the bankrupt has no proprietary interest therein. 11 U.S.C.A. § 110. Neither can he thereafter stop the proceedings and go hence with his property to do with as he pleases. The object sought in a proceeding under Section 75 is not primarily liquidation, but rehabilitation. It affords a breathing spell during which the farmer continues operations and attempts to get back on his feet. While under Subsection (n) he and his property are subject to the exclusive jurisdiction of the court upon the filing of a petition, he is not, however, divested of his ownership or control thereof. He may dismiss the proceedings the next day, or take no further steps, and use his property in any lawful manner he may wish. If he should die, his property descends to his heirs according to the laws of the state. It is doubtful if the rehabilitation feature of the Act can come into play in an estate upon the death of a distressed farmer. His opportunity for rehabilitation ends with his death. Title to his property, both personal and real, under Utah law vests immediately in the heirs. In re Harris' Estate, supra. Whether his heirs would be entitled to the benefits of the Act would depend, first, upon whether they were farmers within the meaning of the Act, and next, upon whether they were distressed. Suppose they desired to pay the claim against the property and then, possess it, could the administrator revive the pending proceedings and operate it under the provisions of the Act for three years?

 But it is not necessary to the decision of this case that we explore and define the ultimate limits and meaning of this part of Subsection (s). Subsection 9 of General Order in Bankruptcy 50, promulgated by the Supreme Court, 11 U.S.C.A.

following section 53, requires a personal representative of a deceased farmer desiring to proceed under Section 75 to attach to his petition, among other things, a copy of an order of the Probate Court authorizing him to file a petition. This requirement is mandatory. The bankruptcy court has no authority to entertain the personal representative's petition unless he attaches the authorization of the Probate Court empowering him to proceed. Lemm v. Northern California Natl. Bank, 9 Cir., 93 F.2d 709.

In the argument before this court, appellant took the position that subsection 9 of General Order 50 was unconstitutional because it was in derogation of the plain provisions of that part of Subsection (s) which recognized a personal representative of a deceased farmer as entitled to the benefits of the Act. A Circuit Court of Appeals will not declare unconstitutional an order of the Supreme Court of the United States promulgated under express statutory authority of law. That must be done, if at all, by the Supreme Court. In re Bronx Ice Cream Co., 2 Cir., 66 F.2d 620.

Furthermore, we feel that by subsection 9 of General Order 50, the Supreme Court has construed Subsection (r) to mean that a personal representative of a deceased may come in and seek to effect a composition or extension of the debts of the deceased under the provisions of Section 75 when such power resides in him by virtue of the state law, and when he files with his petition an order of the Probate Court authorizing him to proceed.

The decision of the trial court is affirmed.