## STATE OF NORTH DAKOTA v. SCHAFER.

### No. 12286:

Circuit Court of Appeals, Eighth Circuit.

Oct. 19, 1942.

C. E. Brace, Asst. Atty. Gen. (Alvin C. Strutz, Atty. Gen., and P. O. Sathre, Asst. Atty. Gen., on the brief), for appellant.

F. E. McCurdy, of Bismarck, N. D., for appellee.

Before GARDNER, WOODROUGH, and RIDDICK, Circuit Judges.

WOODROUGH, Circuit Judge.

On appeal from order denying motion to dismiss bankruptcy proceedings of alleged farmer for want of jurisdiction.

John L. Schafer, a farmer, late of Morton County, North Dakota, died intestate on September 26, 1928, and his son Michael J. Schafer was duly appointed administrator of the estate by the probate court of the county and qualified as such in January of the following year. The estate was not insolvent at the time of the death, but afterwards, on May 29th, 1941, the administrator applied for and obtained an order from the probate court authorizing and permitting him to file a petition as administrator in the federal district court under the provisions of Section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203, and to take such other steps in the bankruptcy proceeding as might be necessary "to bring the estate of said deceased farm debtor within the provisions of said Act." On June 9, 1941, the administrator filed such petition, stating that the petitioner was a farmer under the definition of Subsection r of Section 75 of the Bankruptcy Act; that he was unable to meet the debts of the decedent as they matured and that he desired to effect a composition or extension of time to pay such debts under Section 75 of the Bankruptcy Act.

The State of North Dakota as trustee of the permanent school fund of the state arising from the sale of lands granted to the state by the federal government by the enabling act of February 22, 1889, under which the state was admitted to the Union, had loaned money belonging to such fund to the deceased long prior to his death, taking as security therefor a first mortgage on the southeast quarter of section 8, township 135, Range 83, in Morton County. The mortgage had been foreclosed but the year allowed for redemption from such foreclosure had not expired when the administrator's petition was filed. The State purchased at the foreclosure sale and is the holder of the sheriff's certificate of sale.

The State as such trustee filed its motion to dismiss the administrator's petition on July 10, 1941, after the first meeting of creditors, on the ground that the court was without jurisdiction to entertain it. The conciliation commissioner, after hearing the motion and the testimony, recommended that the motion be granted and the petition dismissed. Upon hearing, the district court entered an order denying the motion to dismiss and this appeal is taken to reverse that order.

It appeared from the probate proceedings attached to the petition and the testimony presented on the hearing before the conciliation commissioner and considered by the court, that the deceased farmer left a widow, and nine children by a former wife, including three minors, surviving him. That the property mortgaged to the state was his homestead. That its appraised value was $3,400.00 and the mortgage outstanding against it was in the principal sum of $1,300.00. Some of the older sons lived on and farmed the land until about 1940, and the minor children lived there till they were of age. That the widow sold her interest in it to the children and remarried during the year following the death of her husband and before the petition in bankruptcy was filed. The state did not file a claim against the estate and the land is the sole security for its debt.

It is contended for the state that the administrator of the estate is not a farmer entitled to the benefits of Section 75 of the Bankruptcy Act in respect to the homestead securing the state's debt.

The matter of when a person may be found to be a farmer entitled to the benefits of the agricultural composition and extension provisions of the Bankruptcy Act was recently considered by this court in Federal Land Bank v. Wood, 8 Cir., 129 F.2d 89. There a petitioner who admittedly had a legal title to certain ranch and farm lands was found not to be a farmer within the definition of Subsection r. The court considered all the facts and circumstances in evidence which threw light upon the nature of the petitioner's vocation and the source from which the principal part of her income was derived, as well as the

nature of her relation to and her ownership of the lands, and the conclusion that she was not a farmer was rested upon the totality of the circumstances measured by the provisions and the intent and purposes of the Bankruptcy Act.

In the present case it may be assumed that an administrator of the estate of a deceased person is in a general sense a personal representative of his intestate and it is established that this administrator's intestate was a farmer at the time of his death. But the statute does not read that all administrators of estates of deceased farmers shall be deemed farmers for the purposes of the Act, and the question remains whether this administrator can be held to be a personal representative of the deceased farmer in respect to the homestead in question within the Act.

The law of North Dakota provides that upon the death of the owner of a homestead not exceeding 160 acres of land of the value of not more than $5,000.00, a homestead estate shall descend to his widow for her life, or to minor children, until the youngest attains majority, Section 5627 C.L.1913, and subject to such right of occupancy, the homestead descends to his lineal heirs "exempt from decedent's debts". § 5631. See Dieter v. Fraine, 20 N.D. 484, 128 N.W. 684. "Under section 5629, C.L.1913, if the homestead has not been declared before the death of the owner, the county court must ascertain and set off the homestead to the surviving husband or wife, or minor child, or children. * * * The real property subjected to the homestead may descend or be distributed to the surviving husband or wife, or to the decedent's heirs in the direct descending line free of the decedent's debts. Section 5631. If sold the proceeds are exempt. Section 5620." Meidinger v. Security State Bank, 55 N.D. 301, 213 N.W. 850, 852.

It is apparent upon the facts stated that under North Dakota law the children of the deceased farmer had become possessed of the legal title and complete ownership of their father's homestead long before the petition herein was filed. The appraisal showed that there was no value therein above the mortgage which could inure to general creditors of the estate and the possessory right of the minor children had been exhausted. Although the record does not show that there had been a formal order in probate court setting off the homestead estate or the homestead, the rights of the parties were none the less vested. In that situation it is clear that the administrator of the estate had no substantial rights, powers or duties in respect to it by virtue of his office. The general creditors had no interest requiring his protection, the heirs stood in the shoes of their ancestor, representing all the interest he had had in his lifetime, and as the mortgagee had no claim against the estate, there was no ground upon which it could be found that the administrator represented, or was in fact the personal representative of the deceased in respect to the property. In these circumstances he could not by virtue of any powers vested in him as administrator carry out the requirements of the Act or be held to be a farmer in respect to it, and the bankruptcy court had no jurisdiction.

The question when the administrator of an estate may be found to be a farmer entitled to the benefit of the Act has been recently considered in Re Buxton's Estate, D.C., 14 F.Supp. 616, Chapman v. Federal Land Bank, 6 Cir., 117 F.2d 321; Harris v. Zion's Sav. Bank & Trust Co., 10 Cir., 127 F.2d 1012; Mason v. Federal Land Bank, 10 Cir., 127 F.2d 1015; In re Harris, D.C.Md., 15 F.Supp. 404; In re Reynolds, D.C.W.D.Okl., 21 F.Supp. 369, but it does not appear that the same facts which have determined our conclusion were presented in any of those cases. We confine our decision to the particular facts in this case.

Reversed and remanded with direction to sustain the motion of the State of North Dakota to dismiss the proceedings as to the homestead for want of jurisdiction.