### In re STONER.
### Appeal of STONER.
### No. 8061.

Circuit Court of Appeals, Third Circuit.

Argued Oct. 21, 1942.

Decided Feb. 13, 1943.

697

See; also, 38 F.Supp. 155.

A. J. White Hutton, of Chambersburg, Pa., for appellant.

Edmund C. Wingerd, of Chambersburg, Pa. (Daniel W. Long, of Chambersburg, Pa., on the brief), for appellee.

Before MARIS, JONES, and GOODRICH, Circuit Judges.

MARIS, Circuit Judge.

The administrator of John Albert Stoner, a Pennsylvania farmer, filed in the United States District Court for the Middle District of Pennsylvania a petition under Section 75 of the Bankruptcy Act as amended, 11 U.S.C.A. § 203. He alleged that the deceased was insolvent. Attached to the petition was a schedule of assets and liabilities which disclosed that the only assets in the decedent's estate were two farms located in Franklin County, Pennsylvania. The administrator sought a composition or extension with the creditors of the farmer-debtor. The district court dismissed the petition. The administrator has appealed from the order of dismissal. We think that the petition was properly dismissed and that the order of dismissal must be affirmed upon the authority of Harris v. Zion

Savings Bank and Trust Co., 1943, 63 S.Ct. 354, 87 L.Ed. ——.

In the Harris case the administrator of a Utah farmer petitioned to revive the farmer's petition for relief under Section 75 which embodied an offer of composition and also filed an amended petition to have the farmer adjudged a bankrupt under subsection s of Section 75. The district court dismissed the petition to revive and rejected the amended petition. The Supreme Court affirmed. The court held that an administrator acting under the authority of a state whose laws do not authorize him, either in his own discretion or with leave of the court having jurisdiction over him, to file a petition under Section 75 with respect to his decedent's real property, is not authorized to do so by that part of subsection r of Section 75 which declares that for the purposes of the section "the term 'farmer' includes the personal representative of a deceased farmer." Under the law of Utah the probate court was without power to authorize the administrator to act under section 75 with respect to his decedent's real estate because in that state the real estate of a decedent descends directly to the heirs and the administrator does not represent them or have any authority to deal with the real estate. Nor is there in that state any statute authorizing an administrator to file a petition under Section 75 of the Bankruptcy Act.

The law of Pennsylvania upon this subject is the same as that of Utah. In Pennsylvania real property of an intestate descends directly to his heirs and his administrator has neither rights nor duties with respect thereto. The sole exception to this rule arises when the debts of the decedent exceed his personal assets. In that case the administrator may be empowered by the Orphans' Court to collect the rents of the decedent's real estate for application to his debts[1] or if necessary to sell or mortgage the real estate and apply the proceeds thereof for the same purpose.[2] It thus appears that the only case under Pennsylvania law in which an administrator may be authorized to deal with his decedent's real estate is where the real estate is needed to pay the decedent's debts. Nor does the law of Pennsylvania authorize an administrator to file a petition under

---

[1] Fiduciaries Act of 1917, § 14, 20 P.S. Pa. § 503.

[2] Morrison's Estate, 1900, 196 Pa. 80, 46 A. 257; Huff's Estate, 1930, 300 Pa. 64, 153 A. 98; Fiduciaries Act of 1917, § 16, 20 P.S.Pa. § 551 et seq.

698

Section 75 of the Bankruptcy Act for the extension and composition of his decedent's debts. On the contrary, as we have seen, the only authority which may be conferred upon him to deal with his decedent's real estate is for the purpose of paying his debts promptly, not of extending and postponing their payment.

In the case before us the petitioner annexed to his petition what purported to be an order by the Register of Wills of Franklin County, Pennsylvania, authorizing him to file the petition. But this gave him no standing since under the law of Pennsylvania a register of wills has no authority whatever to make such an order. His sole power is to grant letters of administration[3] while jurisdiction to control an administrator appointed by him is vested exclusively in the Orphans' Court.[4]

The order of the district court is affirmed.

---

[3] Register of Wills Act of 1917, § 3, 20 P.S.Pa. § 1861.

[4] Orphans' Court Act of 1917, § 9, 20 P.S.Pa. § 2244.