## STATE OF NORTH DAKOTA v. DURUPT.
### No. 12543.

Circuit Court of Appeals, Eighth Circuit.

Oct. 26, 1943.

Rehearing Denied Nov. 10, 1943.

C. E. Brace, Asst. Atty. Gen. (Alvin C. Strutz, Atty. Gen., and P. O. Sathre, Asst. Atty. Gen., on the brief), for appellant.

Arthur L. Knauf and John Knauf, both of Jamestown, N. D., for appellee.

Before WOODROUGH, THOMAS, and JOHNSEN, Circuit Judges.

JOHNSEN, Circuit Judge.

The appeal here is by a mortgagee from an order of the district court in a proceeding under § 75, sub. s, of the Bankruptcy Act, 11 U.S.C.A. § 203, sub. s, refusing to strike the mortgaged real estate from the proceeding. The ground alleged for striking was that the farmer-debtor did not have

"any equity or right" in the property, within the meaning of § 75, sub. n, which would entitle the court to assume jurisdiction over it.

Another question is now also presented, by reason of the farmer-debtor's death since the taking of the appeal. The administrator of the farmer-debtor's estate, by an order of the probate court of North Dakota, has been authorized to intervene in and to continue the farmer-debtor proceeding, and we have conditionally allowed him to be substituted as appellee on this appeal. Appellant contends that, under the statutes of North Dakota, an administrator has no such power to deal with his decedent's real estate, as will enable or permit him to continue a proceeding under § 75, sub. s, of the Bankruptcy Act; that the probate court's order of authorization to do so here is a clear nullity under the state statutes; and that we should accordingly declare that the proceeding in the bankruptcy court has been nullified and abated, and that there can be no remaining rights under it. Cf. Harris v. Zion's Savings Bank & Trust Co., 317 U.S. 447, 63 S.Ct. 354, 87 L.Ed. ——.

On the question whether the farmer-debtor had "any equity or right" in the mortgaged property, within the meaning of § 75, sub. n, which justified the district court in refusing to strike the property, the record shows that the farmer-debtor, who was a widow, and her son had inherited the property jointly from her deceased husband in 1935, and that they had lived upon it and farmed it together ever since. The farm, as a matter of fact, had been the farmer-debtor's home since 1913. Appellant's mortgage had been placed upon the property in 1927, before the husband's death, and the farmer-debtor at that time had joined in the execution of both the mortgage and the note.

█ The general taxes levied upon the property later became delinquent, and Stutsman County, in which the property was located, bid it in at tax sale and, on December 2, 1941, took a tax deed, pursuant to No. Dak. Laws 1941, ch. 286, § 9. This section of the statute contains a provision that "Such tax deed shall pass the absolute property in fee to the county free from all encumbrances whatsoever." It has been construed, however, as not being intended to affect a mortgage lien in favor of the State of North Dakota given for a

loan of state school funds, such as were involved in this case. See State v. Divide County, 68 N.D. 708, 283 N.W. 184; State v. Sheridan County, 72 N.D.——, 6 N.W.2d 51, 54. The tax deed did not, therefore, affect the foreclosure which appellant meanwhile had commenced for default on its mortgage, and in which proceeding it had taken decree, bid in the property and had sheriff's certificate issued to it.

█ Appellant would have been entitled to a deed on its sheriff's certificate, if no redemption was made, on July 10, 1942. On July 9, 1942, the farmer-debtor entered into a contract in her own name for a repurchase of the property from Stutsman County, on a partial payment plan, under No. Dak. Laws 1941, ch. 286, § 19. This section contains a provision that "The owner, or his successor in interest, shall have the right to repurchase all real estate heretofore or hereafter, forfeited to the county under tax deed proceedings * * *. Such purchase may be for cash or upon contract for deed made by and between the Board of County Commissioners and the owner, or his successor in interest." Under § 18 of the same chapter, the County was prohibited from making a private sale of the property to any other person than the owner or his successor in interest, except upon thirty days notice, "during which time the original owner or his successor in interest may make redemption by payment in full of delinquent taxes, penalty and interest charged against such real estate."

On July 9, 1942, also, the son deeded all his interest in the property to his mother, and on the same day she instituted this farmer-debtor proceeding under § 75 of the Bankruptcy Act. No point is raised here with respect to the son's conveyance, but the contention made is that, since Stutsman County held legal title to the land under its tax deed, the only interest in the property which the farmer-debtor actually brought into this proceeding was that acquired under her repurchase contract with the County of July 9, 1942, and that, as to such interest, she was simply in the position of a stranger to the title who had acquired an interest in the farm for the purpose of subjecting it to a proceeding under § 75.

We are unable to agree with this contention. Whether, in view of the statutory provision for an absolute right of repur-

chase by the owner of any land to which a county has taken tax-deed, and the requirement for notice to the owner before such land can be sold to a third person, a possessory right remains in the owner until there has been a sale of the property by the County, or whether in the present situation the farmer-debtor merely continued in possession of the property by grace of Stutsman County, is immaterial here. In any event, she did remain upon and farm the land, and so retained her status as a farmer, within the definition of § 75, sub. r. In that continued status and on the basis of her previous and present rights in the property, her position here cannot soundly be said to be that of a stranger to the title, or of one who has simply purchased an equity or right in the property for the purpose of subjecting it to a farmer-debtor proceeding.

She at all times had a right of redemption against appellant's mortgage, under the North Dakota statutes, as one of the original mortgagors, and equally as one of the heirs at law of her deceased husband. No. Dak. Comp. Laws 1913, § 8085. If it can be argued that this redemption right alone was an insufficient equity or title thread to subject the property to this proceeding, in view of the outstanding tax-deed in the County, that question presents no difficulty here, for her absolute statutory right to repurchase the property from the County particularly when fortified or augmented by her existing repurchase contract, certainly left her with a sufficient equity or right in the property, as against the rights of the mortgagee at least, to enable her to subject it to a proceeding under § 75. In contracting with the County for a repurchase of the property, it can hardly be said that she was attempting to create rights in the property which had previously been wholly non-existent in relation to her status as a farmer. She was merely strengthening, pulling together, and salvaging the rights in the property which the state law recognized and granted to her, and with reference to which she had at all times retained a farmer status. She never, therefore, at any time had lost all her rights and equities in the property, and her repurchase contract with the County was simply a continuation and effectuation of the rights and equities which she always had had.

On all the facts of the situation, we hold that she had such an equity or right in the property under North Dakota law as would entitle her to subject the property to a proceeding under § 75, sub. s, as against the rights of the mortgagee, and that the district court did not err in refusing to strike the mortgaged real estate from the proceeding.

■ On the question whether an administrator in North Dakota has such power to deal with the decedent's real estate under the laws of that state as to enable him to continue a proceeding under § 75, sub. s, it appears that the statutes of North Dakota provide (1) that the real estate of an intestate, during the period of administration, is "subject to the control of the county [probate] court and to the possession of any administrator appointed by that court for the purpose of administration" (No. Dak. Comp. Laws 1913, § 5742); that the administrator "is entitled to possession of all the real and personal property of the decedent except the homestead and other exempt property" (§ 8707); that the administrator is required to file his final report and account within a fixed time, "unless it shall satisfactorily appear to the court", among other reasons specified, "(5) *that the best interests of the estate will be served by continuing the business of the decedent*" (No. Dak. Comp. Laws Supp. 1925, § 8544a18) [Emphasis added]; and that the county court has power to extend the time for closing an estate, on any of the grounds specified in the statute, for a total period up to six years (Supp. 1925, § 8544a19). It is true that, under the North Dakota statutes (§ 5742), title to the real estate of an intestate decedent is vested in his heirs, but such real estate is "subject to the control of the county court and to the possession of any administrator" during the administration of the estate, and this control of the county court extends, not merely to the power to direct a sale when necessary to pay debts, as in most states, but also to the right to authorize the administrator to make a sale "when such sale is for the best interests of the estate and the persons interested in the property to be sold, whether it is or is not necessary to pay the debts or family allowance" (§ 8771).

Under these statutory provisions, giving the county court control of the decedent's real estate to the extent that it may direct a sale thereof "for the best interests of the estate and the persons interested in the property to be sold", regardless of whether

such sale is or is not necessary to pay debts; giving the administrator the right to possession of all non-homestead and unexempt real property of the estate; and recognizing the right of the county court to allow the administrator to continue the business of the decedent for a period up to six years (which we think includes the business of farming, in view of the administrator's right to possession of the real estate), we believe that the law of North Dakota confers such power and authority upon the county court and, through the court, upon the administrator of an estate, as to permit the administrator in this case, under the authorization made by the county court, to continue the proceeding instituted by the farmer-debtor under § 75 of the Bankruptcy Act. Cf. Hines v. Farkas, 5 Cir., 109 F.2d 289; Chapman v. Federal Land Bank of Louisville, Ky., 6 Cir., 117 F.2d 321.

Appellant relies upon In re Buxton's Estate, D.C.E.D.Ill., 14 F.Supp. 616, In re Reynolds, D.C., 21 F.Supp. 369, In re Harris' Estate, 99 Utah 464, 105 P.2d 461, and In re Stoner, 3 Cir., 133 F.2d 696, in support of its contention that the administrator here could not be authorized by the county court of North Dakota to continue a proceeding under § 75, sub. s, but these decisions, based upon the statutes of other states, are not persuasive here, in view of the broad and direct powers given the county court by the North Dakota statutes, and the administrator of an estate through the county court, to deal with the decedent's real estate and to continue the decedent's farming business, as above set out. The question is, of course, simply one of proper construction of the statutes of the particular state involved. If the county court of North Dakota had the power to permit an administrator to continue such a proceeding on behalf of the estate, its determination that the administrator should be so authorized to proceed in the present case necessarily is conclusive upon us.

We should add that there is nothing in State of North Dakota v. Schafer, 8 Cir., 131 F.2d 9, that in any way conflicts with our decision or construction here. · That case merely holds that an administrator has no such right in homestead property under the law of North Dakota as will enable him to institute a proceeding under § 75 of the Bankruptcy Act. Under No.

Dak. Comp. Laws, §§ 8707 and 8723, the administrator does not have any right to possession or control of the homestead, since the homestead is in no way liable for the payment of the decedent's general debts. Here, the property involved had no homestead character after the death of the farmer-debtor, for administration purposes, because she was not the head of a family. No. Dak. Comp. Laws, §§ 5605, 5626, 5627.

Our previous conditional order allowing the administrator to revive and continue the appeal is approved and confirmed, and the order of the district court refusing to strike the mortgaged real estate from the proceeding is affirmed.