## STATE OF NORTH DAKOTA v. TOWNER COUNTY.

### No. 12703.

Circuit Court of Appeals, Eighth Circuit.

April 19, 1944.

C. E. Brace, Asst. Atty. Gen. (Alvin C. Strutz, Atty. Gen., and P. O. Sathre, Asst. Atty. Gen., on the brief), for appellant.

Lloyd B. Stevens, State Atty., of Cando, N. D., for appellee.

Before GARDNER, WOODROUGH, and VAN VALKENBURGH, Circuit Judges.

VAN VALKENBURGH, Circuit Judge.

April 18, 1941, one Loula M. Baker filed her amended debtor's petition under Section 75, Subsection s, of the Bankruptcy Act, 11 U.S.C.A. § 203, sub. s, representing that she was a farmer within the definition and meaning of said act and section, and had filed a petition in official form thereunder. That she has failed to obtain acceptance of the necessary majority in number and amount of creditors whose claims were affected by a composition and extension proposal; that she desired to obtain the benefit of Section 75, Subsection s, of the

Acts of Congress relating to bankruptcy, and that she has filed Schedule "A" containing a full and true statement of all her debts, and Schedule "B" containing an accurate inventory of all her property, as required by the provisions of said act. Wherefore, she prayed that she might be adjudged by the court to be a bankrupt in accordance with the acts relating to bankruptcy and all acts amendatory thereof.

April 18, 1941, this petition was heard, and there being no opposition, petitioner was duly adjudged a bankrupt under the act by the District Court. Thereafter, the said bankrupt having paid into court, on account of rental for the year 1942, the sum of $676.85, and having filed petition for distribution thereof, the matter was heard, after notice to creditors, before the Supervising Conciliation Commissioner, who found that the unpaid taxes, interest and penalty, against the lands of the bankrupt involved in this proceeding, described as the North half of section 25 in township 157 Range 66 in Towner County, North Dakota, were in the total sum of $580.61. He further found and ordered that the said sum of $676.85 paid into court as rental, as aforesaid, be distributed and paid out as follows:

$580.61 to the County Treasurer of Towner County, N. D., to be applied on all past-due and unpaid taxes, interest and penalty against the lands of the said bankrupt above described, and the sum of $96.24 to be paid to the State of North Dakota, a secured creditor, as required by Subsection s, as amended, of Section 75 of the Bankruptcy Act.

The State of North Dakota, acting in its sovereign capacity of trustee of the Permanent School Funds of the State, created in part by a grant of public lands to said state by the United States under the Enabling Act, approved February 22, 1889, in a petition for review, alleged that said property, and other property therein described, was mortgaged to the State September 25, 1929, to secure a loan of monies belonging to said school fund; that this mortgage was foreclosed, and said premises sold in foreclosure by the sheriff of Towner County, February 26, 1940, to the State of North Dakota for $6,757.35, the full amount then due; that the sheriff then issued and delivered to the state, as such purchaser, a sheriff's certificate in due form, which was duly placed of record March 2, 1940; that the state is now, and ever since has been, the owner and holder of said certificate; that the taxes embraced in the order of disbursement are for the years 1935 to and including 1942; that the lien of the state's mortgage was superior to the lien of Towner County for taxes, and that, if the state eventually takes title by sheriff's deed, those taxes will be extinguished; that, in effect, said order does not preserve the priority of the lien of said sheriff's certificate and of the said State of North Dakota as the owner and holder thereof, but subjects to said taxes the rental due to the state as its owner and holder, under the stay order entered, and is therefore erroneous in ordering the payment of taxes to the county. It therefore prayed that said order be vacated, and that said rental in the sum of $676.85 be ordered paid to the State of North Dakota, appellant herein.

July 14, 1943, the order of the Supervising Conciliation Commissioner, distributing this rental payment, was, after due consideration upon the objection of Towner County, to said petition for review, in all things affirmed. The State of North Dakota appeals and bases its argument upon the following assignment of errors:

"The order appealed from is erroneous because it wholly fails to recognize and protect the priorities of the liens of the appellant and appellee, the only claimants to the rentals".

This distribution of rental was made under the express provision of the Bankruptcy Act, Section 75, sub. s(2), as follows:

"Such rental shall be paid into court, to be used, first, for [the] payment of taxes and upkeep of the property, and the remainder to be distributed among the secured and unsecured creditors, and applied on their claims, as their interests may appear."

We look no further than this provision of the act itself, which is paramount, to determine how distributions of these sums in the hands of the court should be made. Wilson v. Dewey et al., 8 Cir., 133 F.2d 962, 966. While property is in process of administration, under the provisions of Section 75, sub. s of the Bankruptcy Act, the title remains in the debtor subject to the lien of the mortgage; and

likewise after foreclosure and purchase by the mortgagee at sheriff's sale, the same relationship exists.

"The debtor has a right of redemption of which the purchaser is advised, and until that right of redemption expires the rights of the purchaser are subject to the power of the Congress over the relationship of debtor and creditor and its power to legislate for the rehabilitation of the debtor." Wright v. Union Central Life Ins. Co., 304 U.S. 502, 514, 58 S.Ct. 1025, 1032, 82 L.Ed. 1490.

■ Although the mortgage has been foreclosed, and the land has been bought in by the state at sheriff's sale, the debtor still enjoys the right of redemption subject, of course, to the lien of the mortgage as before; and until and unless such redemption and rehabilitation fails of realization, and a sheriff's deed for the land is issued to the state, the land is still subject to taxation. State v. Divide County, 68 N.D. 708, 283 N.W. 184.

"It is suggested that payment of taxes and keeping the property in repair takes the income from the mortgagee, and that the mortgagor alone may be benefited thereby; that if the mortgagor exercises the option to purchase the property at its appraised value, he will secure the property free of tax liens which otherwise might have accrued against it. But it must be assumed that the mortgagor will not get the property for less than its actual value. The Act provides that upon the creditor's request the property must be reappraised, or sold at public auction; and the mortgagee may by bidding at such sale fully protect his interest. Nonpayment of taxes may imperil the title. Payments for upkeep are essential to the preservation of the property. These payments prescribed by the Act are in accordance with the common practice in foreclosure proceedings where the property is in the hands of receivers." Wright v. Vinton Branch of Mountain Trust Bank, 300 U.S. 440, 468, 57 S.Ct. 556, 564, 81 L.Ed. 736, 112 A.L.R. 1455.

■ A court of bankruptcy may affect the interests of lienholders in many ways. It may enjoin action by a mortgagee which would defeat the purpose of subdivision s to effect rehabilitation of the farmer-debtor, and it is held that the provisions of that subdivision make no unreasonable modification of the mortgagee's rights. 300 U.S. at page 470, 57 S.Ct. at page 565, 81 L.Ed. 736, 112 A.L.R. 1455.

■ Incidentally, this court has held that the Bankruptcy Act provision, 11 U.S.C.A. § 104, for payment of all taxes owing by bankrupt to United States, State, County, District, or municipality, contemplates no priority as between various taxing districts. State of Missouri v. Ross et al., 8 Cir., 80 F.2d 329; and this decision was affirmed by the Supreme Court, 299 U.S. 72, 57 S.Ct. 60, 81 L.Ed. 46.

"Provisions of the Bankruptcy Act for the relief of farmer-debtors must be liberally construed to give the debtor the full measure of the relief afforded by Congress." Wright v. Union Central Life Ins. Co., 311 U.S. 273, 274, 61 S.Ct. 196, 85 L.Ed. 184.

■ From the foregoing it will be seen that if the rehabilitation of the farmer-debtor is successful, as designed, she will receive her land free of taxes and the mortgagee-state will receive the appraised value of that land in payment of its claim. In that case no issue of priority between the lien of the county's taxes and that of the state's mortgage can arise. Under the explicit command of the Bankruptcy Act it is the duty of the court to use such rental, first, for the payment of taxes and the upkeep of the property until the ultimate title and ownership of the land shall be determined. Such has been the common practice in analogous proceedings with respect to these payments prescribed by the Act. Wright v. Vinton Branch, supra, 300 U.S. at page 468, 57 S.Ct. at page 564, 81 L.Ed. 736, 112 A.L.R. 1455, and cases cited in Note 10.

■ Being of opinion that the distribution made by the District Court was in strict conformity with the provisions of the Bankruptcy Act, we hold that the order and judgment should be affirmed, and it is so ordered.