**STATE OF NORTH DAKOTA v. STANTON.**

No. 12801.

Circuit Court of Appeals, Eighth Circuit.

June 3, 1944.

C. E. Brace, Asst. Atty. Gen., State of North Dakota (Alvin C. Strutz, Atty. Gen., State of North Dakota and P. O. Sathre, Asst. Atty. Gen., State of North Dakota, on the brief), for appellant.

F. E. McCurdy, of Bismarck, N. D., for appellee.

Before GARDNER, JOHNSEN, and RIDDICK, Circuit Judges.

GARDNER, Circuit Judge.

This is an appeal from an order of the Conciliation Commissioner, fixing the valuation on certain real estate and providing for redemption of such real estate upon the payment of the amount so fixed as its value within a period of ninety days from and after the date of the order.

John A. Stanton, the appellee, filed his petition under Section 75, subs. (a to r) of the Bankruptcy Act, 11 U.S.C.A. § 203 subs. a to r. Having failed to secure a compromise or extension, he filed an amended petition, pursuant to which he was adjudged a bankrupt on October 2, 1941. His property was thereupon appraised, the appraisal was approved, and a rental order was entered. Following the appraisal, the bankrupt deposited in court the sum of $2,080, the amount of the appraised value of the land involved, and prayed for leave to redeem from the sheriff's certificate of foreclosure sale held by the State of North Dakota. On being notified of such deposit, the State of North Dakota, acting in its sovereign capacity as owner and trustee of the permanent school funds arising from the land grant made to it by the Enabling Act approved February 22, 1889, 25 Stat. 676, filed written objection to the granting of leave to redeem on payment of the appraised value, or any sum less than that required under the laws of North Dakota for redemption from such foreclosure sale, and without waiving such objection asked that the court determine the present, fair and reasonable market value of the lands involved, and that the court require the bankrupt to pay to the State of North Dakota, in its sovereign capacity, the sum of $6,953.13, with interest, to effect a redemption of said lands.

Thereupon the acting referee in bankruptcy fixed a date for hearing, at which the State of North Dakota and the bankrupt respectively offered testimony as to the value of the land. The acting referee, upon the testimony submitted, fixed the value of the land involved at $2,800, and entered an order permitting redemption at that valuation. The State of North Dakota filed petition asking for review of the order so fixing the value of the lands at $2,800. The District Judge on considering the petition, among other things, said:

"The petition for review raises but one question that is, whether or not the bankrupt is entitled to redeem from the holder of a sheriff's certificate for less than the amount thereof. The prayer for relief in the petition asks that this court set aside the Commissioner's order and 'make its order requiring said bankrupt to pay into court in addition to said sum of $2080.00, the original appraised value of said real property, a sufficient sum to make the amount required by the laws of the State of North Dakota to be paid to effect a redemption from said sheriff's certificate, of foreclosure sale.' The petition alleges no error on the part of the Commissioner in fixing the market value of the land. The only error alleged, and the only question raised by the petition, is that which I have just stated. That question has already been determined by this Court in the case of In re Szarkowski, Bankruptcy No. 1814, by its order of August 5, 1943. This same creditor appeared in the Szarkowski case and has taken an appeal from that decision to the Eighth Circuit Court of Appeals. Such appeal is pending and no determination thereof has as yet been made by the appellate court.

"Accordingly, on the authority of the Szarkowski case, supra, the only question raised on this petition for review is determined adversely to the petitioning creditor, and the Conciliation Commissioner's order of June 3, 1943, is affirmed."

The court thereupon entered its formal order affirming the order of the Conciliation Commissioner acting as referee, fixing the present, fair and reasonable market value of the land at $2,800.

On this appeal reversal is sought upon two grounds stated by appellant in its brief as follows: "First: When the State of North Dakota has foreclosed a mortgage given to secure a loan of permanent school funds arising from sale of lands granted the State for school purposes by the Enabling Act approved February 22, 1889, and has received a sheriff's certificate of foreclosure sale as purchaser at the foreclosure sale, may the mortgagor or other redemptioner redeem from such sale for less than the amount required to be paid to effect redemption under State law? Second: What is the fair present market value of the land involved?"

It was conceded on oral argument that the issues involved on this appeal are identical with those presented to and decided by this court in State of North Dakota v. Szarkowski, 142 F.2d 333, and State of North Dakota v. Towner County, 142 F.2d 48. The opinions in these last-mentioned cases had not been filed until after briefs of counsel had been prepared, but were filed prior to the date of oral argument. We think the present case cannot be distinguished in its facts from the Szarkowski and Towner County cases, and that what is said by this court in those cases is determinative of the issues here presented. Any further discussion of the issues would seem to serve no useful purpose. On the authority of State of North Dakota v. Szarkowski and State of North Dakota v. Towner County, supra, the order and judgment appealed from is therefore affirmed.