[File No. 6938]

LOUISE BUMAN, Also Known as Mrs. August Buman, and Anton Kautzman, Appellants, v. MARIAN STURN, as Executrix of the Estate of Stephen Sturn, Deceased, Marian Sturn, and All Other Persons Claiming Any Estate or Interest in or Lien or Encumbrance upon the Property Described in the Complaint, Respondents.

(16 NW(2d) 837)

Opinion filed December 14, 1944.   Rehearing denied January 11, 1945

*J. K. Murray,* for appellants.

*W. H. Stutsman,* for respondents.

MORRIS, Ch. J. This is an action to quiet title to a tract of land in Morton County. The Trial Court found the title to be in Marian Sturn as executrix of the estate of Stephen Sturn. The plaintiffs claim title through a conveyance from Morton County which acquired its title through tax deed proceedings. The case is before us upon a meager record consisting of the judgment roll in which appear the pleadings, findings of fact, conclusions of law, order for judgment, and

judgment. We are confined to an examination of the findings of fact for the purpose of determining whether or not they support the conclusions of law and order for judgment.

The findings disclose that Stephen Sturn, now deceased, was the owner of the land in question in 1931. He failed to pay the taxes for that year and the premises were sold at the regular tax sale in 1932. There being no bidders the premises were struck off to Morton County and a tax sale certificate duly issued to the County.

On May 23, 1940 the County Auditor of Morton County issued a notice of expiration of period of redemption in which delinquent taxes for the years 1931 to 1935, inclusive, were set forth in the total amount of $240.61.

With respect to the service of the notice of expiration of period of redemption the Court found: "That the resdience and post-office address of the said Stephen Sturn for many years prior thereto had been Sweetbriar, in said Morton County, but said auditor in attempting to serve said notice by registered letter addressed the same to Mandan, in said Morton County, and the same was not delivered but was returned undelivered to said post office of Mandan; that in attempting to ascertain the nature of the post-office address of the said Stephen Sturn the auditor made the request of the register of deeds and clerk of court for a certified list of taxpayers as required by law, but the list so furnished did not contain the address of said Stephen Sturn, and the auditor thereupon undertook to rely upon the information of others for such address."

Stephen Sturn never received the notice of expiration of period of redemption which was mailed as aforesaid and failed to redeem. On October 1, 1940 the County Auditor of Morton County executed and delivered to the county an instrument purporting to be a tax deed wherein M. J. Tobin, the County Auditor of the County of Morton and State of North Dakota, was grantor and Morton County, a municipal corporation, was grantee.

On January 25, 1943 [Marian] Sturn was appointed executrix under the will of Stephen Sturn, deceased, and now appears in this action in that capacity.

The County Commissioners of Morton County appraised the prem-

ises at the sum of $700.00 and caused them to be offered for sale to the highest bidder at the regular November, 1940 sale for forfeited tax lands. At that sale the plaintiff Louise Buman bought the premises on contract at the appraised value. Payment was later completed and on August 24, 1942 the county gave her a deed and she in turn gave a quit-claim deed to the plaintiff Anton Kautzman.

In addition to finding that the right of redemption of [Marian] Sturn as executrix had not been terminated the court also found that the plaintiffs were liable for damages for use and occupation of the premises during the crop year of 1942 in the sum of $316.60 being the net value of one fourth of the crops raised that year; that the plaintiffs paid $270.00 taxes to Morton County on the premises.

The Court further found that the defendant paid into court $716.10 pursuant to an order of the trial court requiring a deposit as a condition precedent to a trial of the action.

With respect to the title the court made two conclusions of law both of which are challenged by the plaintiffs. They are as follows:

"1. That the tax deed to Morton County is void on its face, being executed prior to the expiration of the period of redemption, and running in the name of the auditor of Morton County, instead of the State of North Dakota.

2. That the right of the said [Marian] Sturn, as executrix of the will of Stephen Sturn, to redeem the land described in the complaint from the effects of the tax sale of the year 1932 and subsequent years has not been terminated, by reason of the failure of the auditor of Morton county to mail the notice of expiration of redemption to the proper address of said Stephen Sturn, and of his failure to have the said notice served upon said Sturn personally by the sheriff, he being a resident of said Morton county."

We will first consider the conclusion of law dealing with the sufficiency of the service of notice of expiration of period of redemption. At the time of the original tax sale in 1931 the manner of service of notice of expiration of redemption was prescribed by chap. 266, ND Sess. Laws 1927. That law was amended and reenacted by chap. 235, ND Sess. Laws 1939 which prescribes a somewhat different manner for the service of notice of expiration of period of redemption. The

question is raised as to which law should govern the proceedings taken in this case. A similar question was recently considered and decided in Cota v. McDermott, ante, 459, 16 NW(2d) 54, 155 ALR 1271, wherein we decided that chap. 286, ND Sess. Laws 1941, providing for the giving of notice of expiration of period of redemption on property sold to the county for delinquent taxes, applies to all tax deed proceedings initiated subsequent to its effective date. The identical process of reasoning applies to this case and we now hold that chap. 235, ND Sess. Laws 1939 in so far as it provided for the giving of notice of expiration of period of redemption on property sold to the county for delinquent taxes, applies to all tax deed proceedings initiated subsequent to its effective date and prior to the effective date of chap. 286, ND Sess. Laws 1941.

The defendant further challenges the sufficiency of service of notice of expiration of period of redemption on the ground that it fails to comply with the requirements of service prescribed by chap. 235, ND Sess. Laws 1939, which are as follows:

"Notice shall be sent by registered mail to the owner and to the occupant or tenant in possession, if any, and also to each mortgagee, lien holder or other person interested therein as may appear from the records of the office of register of deeds and clerk of the district court. It shall be the duty of the register of deeds and clerk of the district court within ten days after request by the county auditor to furnish him with a certified list giving the names, and so far as they appear on the records in the office of the register of deeds and clerk of the district court, the addresses of all persons who appear to be interested as owners, mortgagees, lien holders or otherwise in such real estate which has been sold to the county for taxes as may be specified by the county auditor in making such request.

Such service by registered mail shall be made by the county auditor and the expense of such service shall be added to the amount required to redeem and be paid by the person making the redemption in addition to the amount stated in the notice."

Thus the law required the county auditor to secure from the register of deeds and clerk of court lists which he must use in determining the names of owners or persons otherwise interested in the real estate and their addresses. The findings of the trial court show that he made

such request and obtained such lists but the address of the then owner, Stephen Sturn, did not appear thereon. There is nothing in the findings that indicates that the lists were not correct. We must, therefore, presume that the register of deeds and clerk of court being public officers performed their duty and that no address of Stephen Sturn appeared of record in the office of either of those officials. Up to that point the auditor performed the duty enjoined upon him by the statute. Then he went further and according to the findings undertook to rely upon the information of others and apparently as a result of that information mailed the notice addressed to Stephen Sturn at Mandan.

After the auditor had performed his duty under the statute and no address of the owner was disclosed by either the clerk of court or register of deeds, he was required to do nothing further. He need have mailed no notice. Therefore, the actual mailing of a notice which was not received can not be held to be in derogation of proceedings taken in accordance with the statute. It may be further noted that the statute also required publication of the notice of expiration of the period of redemption in the official newspaper of the county in which the real estate is situated. ND Sess. Laws 1939, chap 235, § 1(5). It is not claimed that the notice was not so published.

On October 1, 1940, which was the last day for redemption, a deed was executed and acknowledged by "M. J. Tobin, as County Auditor of the County of Morton and State of North Dakota" as grantor to "Morton County, North Dakota, a municipal corporation" as grantee. The validity of this deed is challenged upon several grounds, one of which is that it should have been executed in the name of the State of North Dakota as grantor.

Chapter 235, ND Sess. Laws 1939 requires that upon the giving of the required notice of expiration of period of redemption the county auditor shall issue a tax deed to the county "in the same manner as to individual purchasers." In Phillips v. Middlesex County, 122 Mass 258, we find the following definition: "The phrase 'in the same manner' means, by similar proceedings, so far as such proceedings are applicable to the subject matter."

That definition is cited and followed in Wilder's S. S. Co. v. Low (CCA 9th) 112 Fed 161, which in turn is cited in Com. v. Hildebrand, 139 Pa Super Ct 304, 11 A(2d) 688. This definition is ap-

plicable to the statute now under consideration. Thus in issuing a tax deed to the county the county auditor is required to follow the same procedure in so far as it is applicable as he is required to follow in issuing tax deeds to individual purchasers. Section 2206, ND Comp. Laws 1913, provides for the execution of tax deeds to individuals. Upon the expiration of the time for redemption and proof that proper notice has been given "the county auditor of the county in which the sale of such lands took place shall execute to the purchaser, his heirs or assigns, in the name of the state, a deed of the land remaining unredeemed, which shall vest in the said purchaser, his heirs or assigns, an absolute estate in fee simple in such land, subject, . . . ."

This Court has consistently held that such a conveyance vests in the grantee a new, complete and paramount title. State v. Griggs County, 72 ND 587, 10 NW(2d) 245; Baird v. Stubbins, 58 ND 351, 226 NW 529, 65 ALR 1009; Peterson v. Reishus, 66 ND 436, 266 NW 417, 105 ALR 724; Nelson v. Murton, 68 ND 108, 277 NW 390. The statute clearly requires that a tax deed to individuals must be executed in the name of the state. In the following cases it has been held that a tax deed executed in the name of the county by the county auditor instead of in the name of the state is void: Goss v. Herman, 20 ND 295, 127 NW 78; State Finance Co. v. Mulberger, 16 ND 214, 112 NW 986, 125 Am St Rep 650; State Finance Co. v. Beck, 15 ND 374, 109 NW 357; Beggs v. Paine, 15 ND 436, 109 NW 322. The conclusion is inescapable that where the statute requires the county auditor to issue a tax deed to the county in the same manner as to individual purchasers such a deed executed by the county auditor as an official of the county and not in the name of the state is void.

We are now confronted with a situation where the proceedings leading up to the issuance of a tax deed are regular but the tax deed itself is void because of the failure of the auditor to issue it in the name of the state. The question is where is the title to the land? Is it in the original owner or has it become vested in the county by virtue of the proceedings had? The answer rests largely upon the construction of chap. 235, ND Sess. Laws, 1939. The wording of the statute is somewhat inconsistent.

The right of the landowner to redeem from a tax sale is wholly statutory. Cota v. McDermott, ante 459, 16 NW(2d) 54, 155 ALR

1271. The procedure by which he is divested of title is also statutory. Where the statute is conflicting or ambiguous the court must try to determine what the Legislature meant by the language used. In § 1 of chap. 235, ND Sess. Laws 1939, we find these provisions:

"All pieces or parcels of real property bid in for the county under the provisions of this chapter and not redeemed or assigned within three (3) years from the date of the certificate of sale or subsequent tax sale certificate, shall upon the giving of the required notice of expiration of period of redemption become the absolute property in fee of the county and the county auditor shall issue a tax deed therefor to the county in the same manner as to individual purchasers.

(2) Upon issuance of tax deed to the county, such county acquires title to the property included in the tax deed free from all incumbrances."

Further on in the same section a form is prescribed for a notice of expiration of period of redemption to be used in making service by registered mail. It is directed to the record title owner, mortgagees, lien holders, the person in possession of the property, and other persons interested in the real estate. It notifies them that "unless redemption is made from such tax sale on or before the first day of October after the date of this notice appearing above my signature, tax deed will be issued to the county granting to it and vesting in it absolute title in fee to said property and foreclosing all rights of redemption, and any and all other rights of the owner and of all mortgagees and lien holders and other persons interested therein as may appear from the records of the register of deeds and clerk of the district court of said county." In addition to the service of the foregoing notice the statute provides that "the county auditor shall also on or before August first of each year give notice of the expiration of the period of redemption by publication as to all tracts of real estate on which the period of redemption will expire on the following October first." The form prescribed for this notice says "that unless redemption shall be made from such tax sale on or before October first from and after the date of such notice, the same will become the absolute property in fee of this county and the former owners thereof and all lien holders and other persons interested therein will be forever foreclosed and debarred of any and all rights of redemption or other rights in or to such real estate." While the fore-

going quotations may in some instances appear to be conflicting, nevertheless the predominant thought is that the right of redemption terminates with the first day of October. This is the evident intent of the Legislature. It follows that it must also be the intention of the Legislature that when the right of redemption expires title passes to the county. It is inconceivable that the owner should lose the right to redeem yet title be not vested in the county. The title must always be in someone. When the owner loses all right and title to the land the county instantly acquires such title by operation of law. Having once acquired the title the county retains it even though a void deed or no deed at all is issued.

During the period of redemption title remains in the original owner. It is that title upon which the right to redeem from the tax sale is based. The termination of the right to redeem must necessarily precede the execution of a deed to the county. It is certainly not contemplated that a county auditor will always execute a tax deed at the instant the right of redemption expires and that the actual passage of title is accomplished by the execution and delivery of a tax deed. The whole tenor of the statute indicates that the steps required to be taken by the county auditor, beginning prior to the first day of June, culminate in terminating the right of the owner to redeem at the end of the first day of October. If the owner fails to redeem within the time so prescribed the title immediately vests in the county.

In State ex rel. Ebbert v. Fouts, 26 ND 599, 145 NW 97, 50 LRA (NS) 316, the purchaser at a tax sale had surrendered the tax certificate to the county auditor and the owner's period of redemption had been terminated. The county auditor issued a tax deed that was void because of defects in form. He thereafter sought by mandamus to compel the county auditor to issue a second deed in proper form. While no question of the right of redemption of the owner was involved the court held that it was the duty of the county auditor to issue a second deed.

In this case we hold that at the end of October 1, 1940 the owner's right to redeem from the tax sale expired and title to the property vested in the county. The county was entitled to a valid tax deed as a matter of absolute right. Its issuance was but a ministerial act on the

part of the county auditor. The property thus became land acquired by the county through "tax deed proceedings" though a valid tax deed had not been issued. It thereupon became the duty of the board of county commissioners and county auditor to sell the property so acquired in accordance with the provisions for the sale of such lands set forth in § 2, chap 235 ND Sess. Laws 1939. This these officials proceeded to do. The property was again advertised by publishing a notice of sale in the official county paper and by posting at the front door of the court house. No attempt was made by the owner to repurchase the property from the county as he had a right to do as long as the county held title, which right was given to him by chap. 238, ND Sess. Laws 1939. That statute has no connection with or effect upon the vesting of title in the county. It confers an additional right (erroneously designated as a right of redemption) upon the former owner, making him a preferred purchaser without profit to the county. It is a special statute giving him a second chance as a special act of grace. To avail himself of it he must pay the amount due the county or contract with the county commissioners for such payment in the manner provided by the statute prior to the sale of the land by the county. State v. Morton County, 56 ND 712, 219 NW 223.

On November 18, 1941 at a sale held in conformity with law the county sold the property to Mrs. August Buman and upon completion of the payment of the purchase price issued a deed to her on August 24, 1942. The county thus conveyed to her the title which it had acquired upon the termination of the owner's right of redemption. The tax deed is not the title nor is a valid tax deed indispensable to the acquisition of title by the county or the transfer of title to the county's grantee. The original owner did not avail himself of the opportunity to redeem from the tax sale within the time prescribed by law nor did he avail himself of the right to repurchase the property under the provisions of chap. 238, ND Sess. Laws 1939, although the county held title thereto for over a year.

The trial court erred in quieting the title in Marian Sturn as executrix of Stephen Sturn. The estate of Stephen Sturn, deceased, has no interest in the property. The plaintiff, Anton Kautzman, as grantee of Mrs. August Buman is entitled to a judgment decreeing him to

572

be the equitable owner of the premises and further decreeing that the defendants have no right, title or interest therein.

Reversed and remanded for further proceedings not inconsistent herewith.

CHRISTIANSON, BURR, NUESSLE and BURKE, JJ., concur.