## STATE v. DURUPT.
### No. 12990.

Circuit Court of Appeals, Eighth Circuit.

April 17, 1945.

---

Alvin C. Strutz, Atty. Gen., and C. E. Brace and P. O. Sathre, Asst. Attys. Gen., for appellant.

Arthur L. Knauf and John Knauf, both of Jamestown, N. D., for appellee.

Before SANBORN, WOODROUGH, and RIDDICK, Circuit Judges.

RIDDICK, Circuit Judge.

This is an appeal from an order directing distribution to creditors of the rental paid by a farmer-debtor in proceedings under section 75, sub. s of the Bankruptcy Act, 11 U.S.C.A. § 203, sub. s.

On October 11, 1927, Alexander L. Durupt and his wife, Susanna, became indebted to the State of North Dakota for a loan of State school funds, to secure which they joined in the execution of a mortgage on the farm involved in these proceedings. Alexander L. Durupt died, and the mortgaged real estate was inherited by his wife, Susanna, and her son. The taxes on the mortgaged property for the year 1933 not being paid, the land was sold to Stutsman County, North Dakota, for delinquent taxes. The owners failed to redeem from the tax sale within the time allowed by law. A tax deed as provided by the law of North Dakota was duly executed and delivered to Stutsman County on December 2, 1941. In the meantime the State had foreclosed its mortgage and received a sheriff's certificate of sale at foreclosure on July 10, 1941.

In the situation stated, the relative rights of the State, County, and the owners of the farm were as follows: As the result of the sale for taxes the County acquired the absolute title in fee, subject, however, to the lien of the mortgage held by the State. Any purchaser from the County acquired the farm subject to the lien of the State's mortgage. Until the right of the owners, or their successors in title, to redeem from the foreclosure expired and the State received a conveyance under the foreclosure sale, the land remained subject to taxation. The owners' right to redeem from the foreclosure sale to the State did not expire until July 10, 1942. Under North Dakota law the owners, or their successors in interest, had the right, in preference to all others, to repurchase the farm from the County, upon the payment to the County of the amount which would have been required to effect the redemption of the property from the

tax sale, plus the amount of all subsequently accruing taxes, with interest, penalties, and costs. As between the owners and the County, the owners' title to the property was completely extinguished by the sale to the County for taxes, and the County's claim for taxes was likewise extinguished by that sale. State v. Burleigh County, 55 N.D. 1, 6, 7, 212 N.W. 217; State v. Divide County, 68 N.D. 708, 283 N.W. 184; State of North Dakota v. Durupt, 8 Cir., 138 F.2d 501; Buman v. Sturn, N.D., 16 N.W.2d 837; State of North Dakota v. Towner County, 8 Cir., 142 F.2d 48.

On July 9, 1942, Susanna Durupt purchased the farm from Stutsman County and took a quitclaim deed from her son, conveying the property to her. On the same day she filed a petition under section 75 of the Bankruptcy Act, and, following her death during the pendency of the bankruptcy proceedings thus initiated, the administrator of her estate was substituted in her stead in the bankruptcy proceedings. On these facts we affirmed an order of the district court sustaining the right of Susanna Durupt to institute, and the right of her administrator to maintain, the proceedings in bankruptcy. State of North Dakota v. Durupt, supra. In so deciding we held that Susanna Durupt's right of redemption from the State's foreclosure and her exclusive right to repurchase from the County vested in her such an equity in the farm property as entitled her to the benefits of the Bankruptcy Act.

On May 27, 1944, the conciliation commissioner entered an order distributing the rental paid by the bankrupt for the possession of the farm property for the years 1942 and 1943. On the date of the order the balance owing Stutsman County on the bankrupt's contract with the County for the purchase of the land was $498.74. The first mortgage lien of the State was still outstanding and unpaid. Both the State and the County claimed the right to receive the sum remaining in the hands of the court after payment of the current taxes and upkeep of the farm property. The order of the commissioner in favor of the County was approved by the district court, and the State has appealed.

The section of the Bankruptcy Act controlling the distribution of the rental paid into court by a farmer-debtor, so far as material here, provides that the rental shall be distributed "first, for payment of taxes and upkeep of the property, and the

remainder to be distributed among the secured and unsecured creditors, and applied on their claims, as their interests may appear." 11 U.S.C.A. § 203, sub. s(2). The district court was of the opinion that the balance owing by the bankrupt on the contract of purchase from the County was properly to be considered as taxes within the meaning of this section of the Bankruptcy Act. The State assigns error in the holding, on the ground that the bankrupt's liability for taxes within the meaning of the word, as used in the section of the Bankruptcy Act quoted above, was extinguished by the tax sale to the County in 1934 and the failure of the bankrupt to redeem from that sale; that the bankrupt's liability under the contract to purchase from the County was not a liability for taxes, but merely a liability for an unpaid balance on the purchase price which, under North Dakota law, is measured by the amount of delinquent taxes, penalties and costs chargeable against the property.

 We conclude that the North Dakota cases cited above sustain the State's contention. From the opinions in these cases it appears, as the State contends, that after a sale of real property for taxes under North Dakota law, and after the expiration of the time of redemption from such sale, all liability of the owner for taxes is extinguished. And in Buman v. Sturn, supra, it is made very plain that the preferred right given to the property owner by North Dakota law to purchase from the County, after forfeiture for taxes, is simply an added right given over and above the right of redemption from the tax sale; and that in exercising the right the owner is not in law or fact exercising a right of redemption from a sale for taxes for which he or the forfeited property is liable. It is also to be noted that the statute of North Dakota (§ 19, Chap. 286, Laws of 1941) giving landowners the right to repurchase from counties lands sold to the county for taxes, after the expiration of the owner's right of redemption, does not specifically authorize the retention by the county of a lien upon the land to secure the payment of the purchase price. Instead, the Act provides that, upon the failure of the landowner to pay any installment of the purchase price as and when due, the Board of County Commissioners may cancel the contract, and that, upon cancellation, all the payments on the purchase price made by the purchaser or his successor in interest shall be forfeited to the county as damages for breach of contract. In this case the County's contract for sale to the bankrupt was conditioned in accordance with the terms of the Act.

 It follows that, at the time of the order of distribution, the State of North Dakota was a secured creditor, holding a prior lien on the farm, and was entitled to the money in the hands of the court in preference to the County, whose claim for the balance of the unpaid purchase price under its sale to the bankrupt is subject to the State's prior lien under its mortgage.

The issue on the present appeal was not decided by this court in either State of North Dakota v. Towner County or State of North Dakota v. Durupt, supra.

The judgment of the district court is reversed, and the case is remanded for further proceedings in conformity with this opinion.