[File No. 6960]

W. H. STUTSMAN, Respondent, v. MAX SMITH and JOHN KLEIN, Appellants.

(18 NW2d 639)

Opinion filed May 25, 1945

*C. F. Kelsch,* for appellants.

*W. H. Stutsman,* for respondent.

MORRIS, J. This is an action to quiet title to four tracts of land situated in Morton County. The plaintiff claims title by virtue of two quit-claim deeds dated November 19, 1941, executed by Michael Mann as grantor and running to the plaintiff as grantee. Michael Mann was the original owner of the premises. He failed to pay the taxes thereon for the year 1928 and the land was sold for taxes to Morton County at a tax sale held on December 10, 1929. On that day a certificate of tax sale was issued to Morton County. No taxes were paid on any of the tracts for the years 1929, 1931, 1932, 1933, 1934, and 1935. The 1930 taxes were paid on one tract but not on the other three. On May 20, 1940, the auditor of Morton County issued notices of expiration of period of redemption setting forth amounts necessary to redeem, which separately stated the taxes for the above years. The notices were served on Mann, who was in possession, and published in the official newspaper of Morton County. No redemption was made. On October 1, 1940, the auditor issued tax deeds in which M. J. Tobin, as County Auditor of Morton County and State of North Dakota, was named grantor and Morton County, North Dakota, a municipal corporation, was named grantee. The lands were thereupon placed on the lists of lands forfeited to the county for taxes and were offered to the public at the regular sales of such lands held in November, 1940, and on November 18, 1941. There were no bidders at these sales.

Shortly thereafter the defendant John Klein offered to purchase at private sale two of the tracts for the sum of $960 and Max Smith offered to purchase at private sale the other two tracts for the sum of $720. These offers were accepted by the county commissioners. Thereafter the county auditor notified Michael Mann as former owner of the premises that they had been sold subject to his right of redemption and that he was given thirty days to redeem. The amounts set forth in the notices included the 1940 taxes. No redemption or repurchase was made by Mann, whereupon contracts were issued to Klein and Smith covering the respective tracts that they had offered to buy. This action was instituted in February, 1942. The complaint was later amended to include a claim for one-third of the 1943 crop as the value of the use and occupation of the premises for that year.

On November 3, 1943, auditor's tax deeds were issued wherein the State of North Dakota was named as grantor and Morton County as grantee and containing the recitals that: "This Deed issued in lieu and correction of tax deed previously issued bearing date of 10/1/40."

The plaintiff challenges the validity of the purchases by Klein and Smith from the county and the county's right to make the sales upon several grounds. He first contends that the original tax certificates issued to Morton County on December 10, 1929, were void and that the county therefore acquired no title to the land by virtue of the subsequent proceedings. The certificates recited that the county would be entitled to deeds "on and after the tenth day of December, 1932," while, as a matter of fact, the certificates being dated December 10, 1929, the county could not be entitled to tax deeds until December 11, 1932. The period of time thus stated in the certificates was one day short of the period provided by statute. The plaintiff is correct in his statement of the error that appears in the certificates but he is mistaken as to the legal significance.

The expiration of the period recited in tax sale certificates does not result in an immediate passage of title or the forfeiture of any rights of the original owner. The right of the owner to redeem from the tax sale can only be terminated by the service of a notice of expiration of period of redemption. The county did not seek to terminate the owner's right of redemption until in 1940, over seven years later. The error of one day in the certificates could not possibly have prejudiced

the original owner or in any way have contributed to his loss of the land. An error of such a nature cannot now be asserted by him to defeat the county's title. Baird v. Zahl, 58 ND 388, 226 NW 549.

The plaintiff next contends that the notices of expiration of redemption issued by the county auditor on May 20, 1940, were insufficient to terminate the owner's right of redemption. The first challenge is to the manner of service. There was no personal service upon the landowner. Service was made by mail and by publication in the manner provided by c 235, ND Sess Laws 1939. The provisions regarding the service of the notice of expiration of the period of redemption on property sold to the county for delinquent taxes contained in that chapter applies to all tax deed proceedings initiated subsequent to its effective date and prior to the effective date of c 286, ND Sess Laws 1941. Buman v. Sturn, ante, 561, 16 NW2d 837. The notice having been given within that period, it was sufficient.

The plaintiff next challenges the sufficiency of the proof to show that the proceedings resulted in the termination of the owner's right of redemption. He argues that the tax deeds issued by the auditor to the county on October 1, 1940, were void because the county auditor and not the State of North Dakota was named therein as grantor. We decided this point in Buman v. Sturn, supra, and held that such tax deeds are void. We held further, however, that where the procedure for terminating the owner's right of redemption prescribed by c 235, ND Sess Laws 1939, was followed, title passed to the county if redemption was not made though no valid tax deed had been issued. The plaintiff further argues that in this proceeding the burden is on the defendants to establish the validity of the tax title and that since the tax deed was void it does not import the verity of any proceedings looking toward the termination of the right of redemption. He then asserts that there is no proof of the correctness of the amounts set forth in the notice of expiration of the period of redemption with respect to subsequent taxes and interest and penalty thereon, and points to the absence from the record of subsequent tax sale certificates.

The transcript shows that the county auditor identified as exhibits the notices of expiration of the period of redemption that were mailed to the owner. They set forth the amounts necessary to redeem with respect to each year. The plaintiff objected to their introduction upon a

number of specific grounds but made no mention of any objection to the amounts included as subsequent taxes, nor did he raise any question as to the general foundation laid for the introduction of the notices. The notices were properly received over the objections made. Later the county auditor testified at some length regarding the inclusion of subsequent taxes in the notices and the manner of computation. No question was raised as to the correctness of the amounts and no motion made to strike the exhibits containing these amounts from the record. The county auditor is a public official whose duty it is to properly compute and include the amounts in the notices of expiration of redemption. Under the record, as it is presented here, these notices import verity and we will not remand the case for further proof with respect to the amounts of subsequent taxes. The record contains nothing that implies that the amounts stated are excessive.

The plaintiff points out that the total of the amounts in the notices that were published is two dollars greater than the total of the amounts in the notices that were mailed to the owner. It is apparent that the county auditor, in preparing the notices, followed the statute literally. Chapter 235, ND Sess Laws 1939, § 22–2(5) which provides for publication, requires that: "The amounts stated in such notice shall include a charge of fifty cents for each parcel of real estate described therein to reimburse the county in part for the expense of such publication and for the mailing of such notice hereinbefore provided for."

Paragraph 3 of the same section, which provides for the mailing of the notice, is silent as to any additional charge to be included therein. There are four parcels of real estate included in these notices. The county auditor added fifty cents for each parcel in the published notice. The amount so stated is correct and should have been included in the notices mailed. The owner made no attempt to redeem for any amount and, therefore, could not have been prejudiced by the failure of the auditor to include the extra charge in the notices that were mailed to him.

The notices of the expiration of the period of redemption are dated May 20, 1940. The plaintiff complains of the inclusion of any subsequent taxes in the notice. The last subsequent tax so included is for the year 1935. We have held that in order to effect a redemption under the provisions of c 235, ND Sess Laws 1939, the redemptioner must pay

subsequent taxes, penalty and interest upon certificates that have been issued to the county more than three years prior to the issuance of the notice of expiration of the period of redemption and such subsequent taxes should be included in the notice. Fish v. France, 71 ND 499, 2 NW2d 537; Kelsch v. Miller, ante, 405, 15 NW2d 433.

Plaintiff's final contention grows out of the original owner's statutory right to repurchase the property after the forfeiture of the title to the county. The plaintiff claims that the original owner of the property, Michael Mann, had the right to repurchase the property from the county under the provisions of §§ 18 and 19, c 286, ND Sess Laws 1941, and that such right of repurchase was never terminated.

Section 18 above referred to provides that where private sales are made between the annual November public sales notice must be given to the original owner and the sale held in abeyance for a period of thirty days to give the original owner or his successor in interest an opportunity to "make redemption by payment in full of delinquent taxes, penalty and interest charged against such real estate." Section 19 provides that:

"The owner, or his successor in interest, shall have the right to repurchase all real estate heretofore or hereafter, forfeited to the county under tax deed proceedings, so long as the tax title thereto remains in the county. Such purchase may be for cash or upon contract for deed made by and between the Board of County Commissioners and the owner, or his successor in interest. The consideration of such contract shall include: (1) The total amount required to be paid in the notice to effect a redemption. (2) The total amount of all subsequent taxes with interest, penalties and costs."

After Klein and Smith had made their offers to purchase the land from the county the county auditor sent to Michael Mann by registered mail notices which described the property and then said:

"  .  .  .  you are hereby notified that Morton County, by virtue of a Tax Deed taken against the above described land, has sold the above described real estate subject to your right of redemption; and you are given thirty (30) days to make redemption by paying the sum of $ . . . . . . within Thirty (30) days from date of mailing of this reg-

istered notice, as provided by § 18 of Chapter 286 of Session Laws 1941."

The amounts named in the notices included taxes levied in the year 1940 which amounted to $18.12 on the Smith purchase and $26.85 on the Klein purchase.

The plaintiff contends that the amounts stated in the notices should not have included the 1940 taxes and were, therefore, excessive to the extent of the amounts of these taxes. The county acquired title under c 235, ND Sess Laws 1939, which provided that:

"Upon issuance of tax deed to the county, such county acquires title to the property included in the tax deed free from all incumbrances. Upon obtaining tax deed to any real estate, the board of county commissioners shall, by general resolution, provide for the cancellation of all general taxes and all special assessment taxes of record which are then due or delinquent except such as were included in the notice of expiration of period of redemption. The assessment made on any real estate acquired by the county through tax deed in the year in which the county takes title, shall be abated and cancelled. So long as the county retains title to any real estate acquired by tax deed, such real estate shall be exempt from all general property taxes and all special assessment taxes."

He argues that the assessment for the 1940 taxes was cancelled and that the taxes so assessed, therefore, never became delinquent taxes charged against the real estate which he would be required to pay under the provisions of § 18, c 286, ND Sess Laws 1941. This contention would have weight were it not for § 19 of the same act which also deals with the right of the owner to repurchase. It will be noted from the language of this section *that the legislature contemplated that where a less amount has not been fixed by the board of county commissioners* as a fair and just *sales price,* the owner should pay the total cost set forth in the notice of expiration of the period of redemption, plus the total amount of all subsequent taxes with interest, penalties and costs. It does not confine the amount to be paid to taxes that are delinquent. In Buman v. Sturn, ante, 561, 16 NW2d 837, supra, we said of the owner's right to repurchase that:

"It is a special statute giving him a second chance as a special act of

grace. To avail himself of it he must pay the amount due the county or contract with the county commissioners for such payment in the manner provided by the statute prior to the sale of the land by the county."

The right of the original owner, or his successor in interest, to redeem or repurchase land to which the county has acquired a tax title is a right which the legislature might grant on such terms as it deems advisable or by failure to provide for it might withhold altogether.

The assessment of taxes for 1940 was made in May or June of that year. ND Rev Code 1943, § 57–0234. Taxes are a perpetual, paramount lien upon real property as to everyone except the United States and the State of North Dakota. ND Rev Code 1943, § 57–0240. By providing for the cancellation of taxes and assessments on property acquired by the county through tax sale the legislature was carrying out the theory that the land should not be taxed while it was the property of the state or its subdivision, the county. In granting to the original owner a right of repurchase, the legislature undoubtedly intended to give the owner an opportunity to get his land back by paying the taxes that had been assessed against it with interest, penalty and costs. When it used the phrase "subsequent taxes" in § 19 the legislature had in mind not only those taxes that were delinquent but also those that had been lawfully assessed against the land. The fact that all subsequent taxes, including those that had become delinquent as well as those that had been assessed, had been cancelled under the provisions of c 235, ND Sess Laws 1939, in nowise precluded the legislature from requiring the payment of the cancelled taxes in event the owner was permitted to redeem or repurchase after the county had acquired title.

Chapter 286, ND Sess. Laws 1941, under which repurchase is now sought, specifically repealed c 235, ND Sess. Laws 1939. The 1941 act is a new law providing in its own terms for tax deed proceedings instituted by counties. It sets out the entire procedure by which all rights to a tax delinquent owner of real property may be terminated by a county holding tax certificates, beginning with the giving of notice of the time of expiration of the period of redemption and ending with the sale of the property acquired by the county either to strangers or back to the original owner. Under this act (§ 20) taxes remaining of record against the land are not cancelled until a deed is issued to the purchaser.

*It is clearly contemplated that where a less amount has not been fixed by the board of county commissioners as a fair and just sales price, the owner who repurchases from the county must pay not only the taxes that have become delinquent but all of those that have been lawfully assessed against the land.* The plaintiff in this case relies upon this act as the basis of his right to repurchase. He must, therefore, pay to the county what that law contemplates should be paid. Since the 1940 taxes were lawfully assessed against the land they were properly included in the amount which the original owner was required to pay in event of a repurchase. The notices sent out by the county auditor gave the correct amount. The owner did not pay these amounts and, in fact, made no attempt to repurchase the property. He, therefore, lost all rights to redeem or repurchase. The sales by the county to Klein and Smith are valid. The title is in the county subject to the contracts that it entered into pursuant to those sales. The plaintiff who claims to be the successor in interest to the landowner has no rights in the land which he may now assert either against the county or the vendees. The judgment appealed from is reversed.

CHRISTIANSON, Ch. J., and BURKE, NUESSLE and BURR, JJ., concur.